## Case No. 13,185.

SOUTHERN & A. TEL. CO. v. NEW ORLEANS, M. & T. R. CO.

[2 Cent. Law J. 88.][1]

Circuit Court, S. D. Mississippi. Nov., 1874.

CORPORATIONS—FOREIGN—LEGISLATIVE ACT—"INHABITANT OF DISTRICT"—FEDERAL JURISDICTION.

1. An act of the legislature respecting a corporation originally created by another state, will be construed to be a license, or an act of incorporation, according to what appears to be the true legislative intent, without regard to the particular language employed.

2. The defendant corporation not being a corporation created by the state of Mississippi, is for that reason not an inhabitant of, nor is it found in the district.

3. The circuit court of the United States cannot acquire jurisdiction of the person of a defendant corporation of a state, other than that in which the corporation was created, by a resort to a state statute licensing the corporation on the condition of its submission be sued in such state.

[Cited in Stillwell v. Empire Fire Ins. Co., Case No. 13,449. Cited in brief in Schollenberger v. Phœnix Ins. Co., Case No. 12,476.]

---

[2] [From 9 N. B. R. 502.]

[1] [Reprinted by permission.]

In equity.

Gaylord B. Clark and A. J. Johnston, for complainant.

W. P. Harris and J. Z. George, for defendant.

HILL, District Judge. This is a bill filed by the complainant, against the defendant, to enjoin the defendant from interfering with complainant's agents and employees in erecting and operating its line along and over defendant's right of way, within this state, and also to compel defendant to transport complainant's employees and materials for the construction of said line, upon payment of the usual fare and charges.

The questions now presented for decision are purely jurisdictional. By consent the defendant's counsel is permitted to oppose the jurisdiction without entering an appearance, so as to waive service of process; process having only been served upon defendant's agent appointed to receive service of process from the courts of this state.

It is insisted on behalf of the defendant, that it is a corporation under the laws of this state, and that complainant also being a corporation of this state, both are citizens of the state, and consequently this court has no jurisdiction of this cause; and that if defendant is not a corporation, created by the laws of this state, and not a citizen thereof, the service of process on the agent of defendant, appointed to receive process from the courts of the state, is not sufficient to give this court jurisdiction of the defendant. These questions are of vital importance in this case, and the latter of general importance, as affecting the liability of foreign corporations to be sued in the national courts. They will be considered in the order stated. On the 24th of November, 1866 [Laws Ala. 1866–67, p. 6], the legislature of Alabama passed an act incorporating the New Orleans, Mobile and Chattanooga Railroad Company, of which defendant is the successor, to extend from New Orleans to Chattanooga, passing through this state, Alabama and Georgia, under such restrictions and with such privileges as the states through which the road was to pass might see proper to grant and impose, and conferring upon the corporation the usual powers and privileges and under the usual restrictions. The company was duly organized under the powers conferred. In furtherance of this object, the legislature of this state passed an act, approved February 7th, 1867 [Laws Miss. 1866–67, p. 332], recognizing said corporation as created by the legislature of Alabama, and approving and adopting the provisions of the Alabama act of incorporation, and conferring the powers and privileges granted by it, and authorizing the company to construct its line of road over the territory of this state, granting all the privileges, and

imposing all the restrictions deemed necessary to protect the state and its citizens.

The question to be determined, is, did the legislature intend to create this corporation, or only to recognize it as created by the legislature of Alabama, and grant it such rights as were necessary to enable it to construct and operate its road over the territory of this state, under the restrictions imposed, either of which the legislature had power to do? The title of the act, to which we have a right to look, in determining its object and purpose, shows that it was intended not to create the corporation, but only to recognize it as created and then existing, and to grant it the necessary rights and privileges under the proper restrictions imposed. This purpose is more clearly shown by the 13th section of the act, which provides that the company can only sue and be sued in such courts of the state as are courts of record, and in such manner and form as corporations of this state can be sued. Also that service of process shall be on the president, secretary, treasurer, or any other member of the board of directors, or upon an agent of the company resident in this state, and designated to receive such process, and requiring the company to designate such an agent. These provisions and restrictions are pretty much the same as those required of other corporations, chartered by the laws of other states, and doing business in this state. If I had any doubts on the question, they would be removed by the decision of the supreme court of the United States in the case of Baltimore & O. R. Co. v. Harris, 12 Wall. [79 U. S.] 65. I, therefore, must hold that defendant does not exist as a corporation created by the laws of this state, but only operating its road, and doing business in this state, under the powers, rights, privileges and instructions conferred by the laws of this state.

This brings us to consider the last and most important question presented. The jurisdiction of the courts of the United States is derived alone from the constitution and laws of the United States, both as it relates to the subject-matter, and the person sought to be brought under their jurisdiction; indeed the whole machinery of the federal judiciary system is separate from, and independent of, state legislation, and necessarily so. [Toland v. Sprague] 12 Pet. [37 U. S.] 300; Day v. Newark India-Rubber Manuf'g Co. [Case No. 3,685;] Pomeroy v. New York & N. H. R. Co. [Id. 11,261.] It is true, that by different acts of congress, certain laws of the states in which the national courts are holden, are, for convenience, adopted in relation to the qualification of jurors, process, practice and modes of proceeding, but, in all such cases, it is the act of congress which gives validity to it, and it is no more than if congress had, in terms, enacted such provisions. In order

to give this court jurisdiction in suits between citizens (and corporations are held to be citizens for this purpose), the opposing parties must be citizens of different states, and the party against whom the suit is brought, must be an inhabitant of, or found within, the district in which the suit is brought, provided, that in some states embracing more than one district, and the defendants reside in different districts, a counterpart of the writ may be sent into the district in which the court is not holden, to bring in the defendant or defendants residing in such district, but at least one defendant must reside in, or be served with process in the district in which the suit is brought. Congress has, by a recent act, authorized, in special cases, the bringing in of non-residents in equity cases to litigate their rights to property interests, situate in the district in which the suit is brought. This is an exception to the general rule. Whilst corporations are now treated as citizens in the national courts, for the purpose of suing and being sued, they are confined, in the latter case, to the state of their creation, except where a voluntary appearance is entered, which they may at all times do; and when they submit to the jurisdiction of the courts of other states, are as much bound by their judgments and decrees as if created by the laws of such state, or as if sued in the state of their own creation. A corporation created by one state, and doing business in another, is comparable to an individual residing in one state and doing business by his agent in another state. A very large portion of the commerce and business of this country is carried on and done by corporations extending their operations in other states, and which is generally done by express legislative license, under such restrictions as may be deemed necessary for the protection of the state and its citizens, thus granting the license in the same way that they would be protected were such corporation one of its own creation, a very important one of which is the liability to be sued, and that a judgment or decree, when obtained in such suit, shall have the same force and effect as if rendered by the courts of the state in which the corporation was created. A corporation may be created by the legislatures of two or more states, and when so created, will have a legal existence in each state so creating it, and may be sued in the federal courts of each, provided the plaintiff is a citizen of another state. But this is different from the present case, or one in which the corporation exists in one state, and by express legislative license, or general comity, is doing business in another state.

The agreement to be sued in the courts of this state is not an agreement to be sued in this court, and cannot, by implication, be extended beyond its terms. It is true that when sued in the courts of the state, either

party may, upon complying with the requirements of the acts of congress, remove the cause into this court if the amount in controversy be sufficiently large, so that that which cannot be done directly, may, in this case, contrary to the general rule, be done indirectly. Congress may, by its legislation, shorten the road and provide that in all cases in which corporations created by one state doing business in another state, agree to be sued, and to receive process on a designated officer or agent in such state, that such corporation shall be liable to be sued and to have its process served on such agent in the courts of the United States. Such legislation, it seems to me, is necessary, but it has not been made, and this court has no power to supply it. The defendant might appear voluntarily, and if so, the jurisdiction would be complete, but by agreement the appearance of counsel in opposition to the jurisdiction, was not to have that effect. The result is, that the restraining order heretofore granted, must be set aside, and the cause dismissed at complainant's costs, unless the defendant shall voluntarily enter an appearance.

I would be remiss, were I not to express my thanks to the able and learned counsel on both sides for their extensive research and able presentation of the questions presented, and my regret that the pressure of judicial duties has given me so little time to consider the questions, and to refer to the numerous authorities read and commented upon in the argument; but I am content with the conclusions reached.