## Case No. 7,894.

KNOTT v. SOUTHERN LIFE INS. CO.

[2 Woods, 479.] [1]

Circuit Court, S. D. Alabama. Dec. Term, 1874.

FOREIGN CORPORATION—AGREEMENT FOR SERVICE UPON AGENT—"INHABITANT OF THE DISTRICT" —"FOUND IN DISTRICT."

1. A corporate body may exercise its functions in a foreign territory upon such conditions as may be prescribed by the law of the place.

[Criticised in Schollenberger v. Forty-Five Ins. Co., Case No. 12.475a. Cited in Stout v. Sioux City & P. R. Co., 8 Fed. 797.]

2. A foreign corporation may be "found" in the sense in which that word is used in the judiciary act in a state other than that by whose law it was created.

[Criticised in Schollenberger v. Forty-Five Ins. Co., Case No. 12.475a. Cited in Ex parte Schollenberger, 96 U. S. 378; Runkle v. Lamar Ins. Co., 2 Fed. 12; Maxwell v. Atchison, T. & S. F. R. Co., 34 Fed. 288.]

3. A statute of Alabama declared that no foreign insurance company should do business in that state, unless it filed an agreement that service of process upon its agent in the state should be taken and held as service upon the company: Held, that process from the United States courts for the districts of Alabama fell within the terms of the statute and agreement.

[Followed in Fonda v. British-American Assur. Co., Case No. 4,904.]

This cause was heard upon the motion of defendant to dismiss the case for want of jurisdiction. The complaint averred that the plaintiff [Charity P. Knott] was a citizen of the state of Alabama, and that the defendant was a body corporate, organized under the laws of the state of Tennessee and a

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

14FED.CAS.—50

citizen of that state, but having an office and carrying on business by its agent, William T. Walthall, in the city of Mobile, in the Southern district of Alabama, and that defendant had consented by its instrument under seal, executed and filed according to the statute of the state of Alabama, that service of process against it upon Walthall, its agent, should be taken and held as service thereof on said company. The Code of Alabama (Walker's Rev. Code, §§ 1180, 1190) provides that no agent of any fire, marine, river or life insurance company shall transact any business of insurance within the state of Alabama without first filing in the office of the comptroller "a written instrument under the seal of the company, authorizing such agent to acknowledge service of process for and on behalf of such company, consenting that service of process upon such agent shall be taken and held as if service upon the company, according to the laws of this state, or any other state, waiving all claims of error by reason of such service." The summons in this case was personally served by the marshal upon Walthall, the agent of the defendant company in Mobile. The ground upon which the defendant based its motion to dismiss the cause was, that it was neither an inhabitant of the district where the suit was brought, nor had it been found therein.

Thomas H. Herndon, John Little Smith, and T. A. Hamilton, for the motion.

A. R. Manning, Percy Walker, Henry St. Paul, and G. Y. Overall, contra.

WOODS, Circuit Judge. The 11th section of the judiciary act (1 Stat. 78, 79; Rev. St. § 629) provides that the circuit courts shall have original cognizance of all suits of a civil nature at common law or in equity, when the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and an alien is a party, or the suit is between a citizen of the state where the suit is brought and a citizen of another state. The same section also declares that no civil suit shall be brought before either of said courts against an inhabitant of the United States by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ.

The first requirement of the law just cited is filled. The suit is between a citizen of the state where the suit is brought, and a citizen of another state. The plaintiff is averred to be a citizen of the state of Alabama, and the defendant a citizen of the state of Tennessee. The defendant corporation having been created by the state of Tennessee for the purposes of the jurisdiction of the United States courts, it must be regarded as a citizen of the state where it was incorporated, and no averment or proof as to the citizenship of its members else-

where will be permitted. There is a presumption of law which is conclusive. Louisville, C. & C. R. Co. v. Letson, 2 How. [43 U. S.] 497; Marshall v. Baltimore & O. R. Co., 16 How. [57 U. S.] 329; Ohio & M. R. Co. v. Wheeler, 1 Black [66 U. S.] 297. The plaintiff then being a citizen of the state where the suit is brought, and the defendant a citizen of another state, it is only necessary to give this court jurisdiction of the cause, that the defendant should be an inhabitant of, or found within the district for which the court sits. The plaintiff claims that the averments of the complaint and the return of the marshal show that the defendant has been "found" within the Southern district of Alabama. It is well settled that the resident of another district, by an appearance generally, waives his privilege not to be sued out of the district where he resides or is found. Irvine v. Lowry, 14 Pet. [39 U. S.] 293; Levy v. Fitzpatrick, 15 Pet. [40 U. S.] 167; Flanders v. Aetna Ins. Co. [Case No. 4,852]; Kitchen v. Strawbridge [Id. 7,854]. But defendant insists that a corporate body can only be a citizen of the state by which it was created; that it cannot migrate; that it cannot become an inhabitant of another state, nor can it be "found" therein. To support this view, reliance is placed on the cases of Bank of Augusta v. Earle, 13 Pet. [38 U. S.] 519; Ohio & M. R. Co. v. Wheeler, 1 Black [66 U. S.] 286.

The doctrine of these cases has been modified by later decisions. While it is settled law, as already seen, that a corporation created by one state cannot migrate and become a citizen of another state, yet it may exercise its authority in a foreign territory upon such conditions as may be prescribed by the law of the place. One of these conditions may be that it shall consent to be sued there. If it do business there it will be presumed to have assented, and will be bound accordingly. Baltimore & O. R. Co. v. Harris, 12 Wall. [79 U. S.] 81. In the case just cited, the defendant company was held to be a Maryland corporation. It was sued in the circuit court of the District of Columbia. The law regulating the jurisdiction of that court (Act Feb. 7, 1801, § 6; 2 Stat. 106) is identical with the second clause of the 11th section of the judiciary act of 1789, above quoted. It declares "that no action shall be brought before said court, by any original process, against any person who shall not be an inhabitant of, or found within said District at the time of serving the writ."

An act of congress, approved February 22, 1867 (14 Stat. 404), provided that foreign corporations doing business in the District of Columbia might be served with process by service on their agents, and such service should be effectual to bring the corporation before the court. In the case of Baltimore & O. R. Co. v. Harris [supra], service was made within the District of Columbia, upon the agent of the Maryland corporation, and the court held, in effect, that the service was a good one, and brought the defendant into court. This case then settled the question that a corporate body may, in the language of the judiciary act, be "found" in a state other than that by whose law it was created. If then the defendant company has agreed that service upon its agent in Mobile of process issued from the United States courts shall be taken and held as service upon the company, I think the defendant, by service upon Walthall, has been "found" within this district. The defendant insists, however, that its agreement touching service of process, only applies to process issued from the state courts. It seems to me to be a sufficient answer to this, that no such intimation is to be found in the statute. It is general in its terms, and applies to the process of all the courts held within the state.

The statute was intended for the protection of the citizens of the state in their dealings with foreign insurance companies. It provides that they should place on record their appearance in advance, in any suit that may be brought, whether in a state court or federal court. The state, by section 1180 of the Code, has not attempted to vest this court with any new jurisdiction it did not possess under the constitution and laws of the United States. If the defendant, on suit brought, had voluntarily appeared in this court, and acknowledged service of process, or waived it, there can be no question that this court would have jurisdiction. All the state law has done has been to require that the defendant should agree, as a condition precedent to the transaction of business within the state, that, upon suit brought, it should either authorize its agent to acknowledge service of process, or allow service to be made on him. There is no restriction of this agreement to process issued by the state court, and in my judgment it applies to the process of the United States courts as well.

If these views be correct, it follows that the defendant is properly in court; that the court has acquired jurisdiction of its person, and having, as is conceded, jurisdiction of the subject matter, it is authorized to proceed with the cause to final judgment. The motion to dismiss must be overruled.