## THE PENNSYLVANIA COMPANY

### v.

### GEORGE M. SLOAN.*

1. FOREIGN CORPORATIONS—JURISDICTION OVER IN THIS STATE—"RESIDENCE."—Jurisdiction attaches by act of the party and not by virtue of a State law, which has no other force than to authorize such act; and a corporation organized in one State, may by comity or consent, lawfully remove its officers, agents and effects into another sovereignty, and there exercise its corporate functions and franchises. When it has done so, its "residence" for the purposes of jurisdiction, is where its business is done in the latter State.

2. SERVICE UPON—STATUTE OF LIMITATIONS.—The statute provides how service of process may be had upon foreign corporations operating within this State. The ability to obtain such service is the test of the running of the statute of limitations; and where it appears that such corporation had been continuously doing business by its agents in this State for more than two years prior to the commencement of this action, and hence had been subject to the jurisdiction of the courts of this State for such period, the action was barred by the statute.

3. SERVICE UPON A COMMON AGENT OF TWO CORPORATIONS.—The issuance of a summons against one corporation, is not the commencement of a suit against another distinct corporation, though served upon a person who was the common agent of both.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

Mr. F. H. WINSTON and Mr. GEO. WILLARD, for appellant; on petition for a re-hearing, argued that it is the duty of the Appellate Court to see that the verdict is a fair, legitimate conclusion, logically drawn from all the evidence in the case, and cited in support, Booth v. Hynes, 54 Ill. 363.

Upon the question of negligence on the part of the railroad company, and the care required of persons crossing a railroad track; Ill. Cen. R. R. Co. v. Buckner, 28 Ill. 299; C. R. I. & P. R. R. Co. v. McKean, 40 Ill. 218; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; T. P. & W. R. R. Co. v. Riley, 47 Ill. 514;

---

* This case was originally decided at the October term, 1877, and on petition of appellant, a rehearing was granted, and the cause heard at the April term, 1878, when the following opinion was rendered.

C. & N. W. R'y Co. v. Sweeney, 52 Ill. 325; C. R. I. &. P. R. R. Co. v. Austin, 69 Ill. 426; C. & A. R. R. Co. v. Becker, 76 Ill. 25.

That the residence of a corporation is where its business is done: Rev. Stat. 1874, Chap. 83, §§ 1, 14, 18; Rev. Stat. 1874, Chap. 32, § 26; Rev. Stat. 1874, Chap. 114, § 76; Rev. Stat. 1874, Chap. 110, § 2; Mineral Point R. R. Co. v. Keep, 22 Ill. 9; Bristol v. C. & Aurora R. R. Co. 15 Ill. 436 ; C. D. & V. R. R. Co. v. Bank of North America, 9 Chicago Legal News, 206 ; B. & M. O. R. R. Co. v. Richardson, 8 Iowa 260 ; Leroy v. City of Springfield, 81 Ill. 114 ; Lawrence v. Ballou, 50 Cal. 258.

That by comity between states, corporations can do business and exercise their franchises in foreign states: Ducat v. City of Chicago, 48 Ill. 172; Carroll v. City of St. Louis, 67 Ill. 568; Insurance Co. v. Morse, 20 Wall. 445; Rev. Stat. Chap. 32 § 26.

As to rights and liabilities of foreign corporations in this State: The President etc. v. Montgomery, 2 Scam. 422; O. & M. R. R. Co. v. McClelland, 25 Ill. 142; Ryan v. Dunlap, 17 Ill. 40.

That the court acquires jurisdiction over a corporation by service upon its agent, and a judgment upon such service is valid in courts of other states: Peoria Ins. Co. v. Warner, 28 Ill. 429; LaFayette Ins. Co. v. French, et. al. 18 How. 404; Stephenson Ins. Co. v. Dunn, 45 Ill. 211; Gillespie v. C. M. Ins. Co., 12 Gray, 201.

That the opportunity of serving process is the test of the running of the Statute of Limitations: Chenot v. LeFevre, 3 Gilm. 637; Vallandigham v. Huston, 4 Gilm. 125; Tioga R. R. Co. v. B. & C. R. R. Co. 20 Wall. 137; Beesley v. Spenser, 25 Ill. 261.

That corporations are not excepted from the provisions of the Statute of Limitations: Rev. Stat. 1874, 1011, § 1.

That the subject matter of a suit cannot be changed so as to introduce a new cause of action and thereby avoid the statute: Ill. Cen. R. R. Co. v. Cobb et al. 64 Ill. 147; Connett v. City of Chicago, 8 Chicago Legal News, 323.

Mr. JOHN LYLE KING, for appellee; as to the Statute of Lim-

itations, cited Hyman v. Bayne, 83 Ill. 256; Chonoquin v. Mason, 1 Gall. 342; Field v. Dickenson, 3 Ark. 409; Hernart v. Porter, 11 Met. 210; Ruggles v. Keller, 3 Johns. 263.

That a judgment obtained by service of process upon the agent of a foreign corporation can have no extra territorial force : Freeman on Judgments, § 568 ; Hurlburt v. Hope M. L. Ins. Co., 4 How. Pr. 275; Brewster v. Mich. Cen. R. R. Co. 5 How. Pr. 183 ; Bates v. N. O. & J. P. R. R. Co. 13 How. Pr.; Latimer v. U. P. R. R. Co., 43 Mo. 105.

As to duty of railroads to prevent accidents at crossings, and as to flagmen and persons acting on their signals : Whart. on Neg. 387 ; Lunt v. R. R. L. R. 1 Law R. 387 ; Chaffee v. R. R. 104 Mass. 108 ; Wheelock v. R. R. 105 Mass. 203 ; Warren v. Fitchburg R. R. Co. 8 Allen, 227; Sweeny v. Old Colony R. R. 10 Allen, 368.

That a corporation, in contemplation of law, must dwell in the place of its organization: Bank of Augusta v. Earl. 13 Pet. 538; Paul v. Virginia, 8 Wall. 181; Ducat v. City of Chicago, 10 Wall. 400; Lafayette Ins. Co. v. French, 18 How. 404; Pomeroy v. N. Y. & Hud. R. R. R. Co. 4 Blatch. 120; Angell & Ames on Cor. §§ 104, 161, 162; Miller v. Dows, 4 Otto, 444; Olcott v. Tioga R. R. Co. 20 N. Y. 210; Blossburg R. R. Co. v. Tioga R. R. Co. 5 Blatch. 387; Rathburn v. Nor. Cen. R. R. Co. 50 N. Y. 656; Robinson v. Imp. Silver Mining Co. 5 Nev. 45; Nor. Mo. R. R. Co. v. Akin, 4 Kan. 453; Mallery v. Tioga R. R. Co. 3 Abb. App. 139; Tioga R. R. Co. v. Blossburg & Corning R. R. Co. 20 Wall. 137; Sangamon & Morgan R. R. Co. v. County of Morgan, 11 Ill. 163.

By express or implied consent of the corporation, it might place itself amenable to the jurisdiction of states other than that of its creation, but without such consent a corporation stands on the same footing as a natural person: Southern & Atlantic Tel. Co. v. New Orleans, M. & T. R. R. Co. 2 Cent. L. J. 88; Stillwell et al. v. Empire Fire Ins. Co. 4 Cent. L. J. 463; 5 Cent. L. J. 378.

Upon the question of amendment of process: Teutonia Life Ins. Co. v. Muller, 77 Ill. 22; Scheel v. Eidman, 77 Ill. 301; Pond v. Ennis, 69 Ill. 341; Sherman v. The Propr's Conn.

Bridge Co. 11 Mass. 338; New Albany & Salem R. R. Co. v. Laiman, 8 Ind. 212; Hoyt v. Maxim Gas Co. 8 Alb. L. J. 249; The Kimball & Austin Mf'g Co. v. Vroman, 16 Am. L. Reg. (N. S.) 600; Inman v. Allport, 65 Ill. 540; Dana v. McClure, 39 Vt. 197; Rev. Stat. 1874, Chap. 7, § 1; Rev. Stat. 1874, Chap. 110, § 24.

PLEASANTS, J.   Appellee sued out a summons in case against the Pittsburg, Fort Wayne & Chicago R. R. Co., on the 3d day of July, 1874, which was served upon R. C. Meldrum as its general agent, and filed his declaration on the 10th day of August following.   The defendant pleaded the general issue, and two trials were had thereon, resulting respectively in ver- dicts for the plaintiff, which were set aside.   During the progress of the third—on the 27th of March, 1877—he obtained leave of court to amend the record and papers by substituting the appellant here as party defendant, and to issue a summons against it; and thereupon a juror was withdrawn and an order of continuance entered.   On the same day he amended his declar- ation, and took out his writ against appellant returnable to the April term, 1877, which was also served upon the said Meldrum, who in fact was, and from the time of service of the first summons had been, the agent of both companies.   This defendant plead the general issue, and also the statute of limi- tations, viz: that the cause of action did not accrue within two years next before the institution of the suit; to which plaintiff replied, first, that the cause of action did accrue within two years; and fourth, that the defendant was a body corporate created by and existing under the laws of the State of Pennsyl- vania and not of this State, and at the time the several causes of action accrued was, and ever since, until the commencement of this suit, remained and still is out of the State of Illinois.

A demurrer to the latter replication having been overruled, the defendant rejoined to it, first, that on the first day of July, 1869, by leave of the authorities of said state, it came into the county of Cook and commenced the operation of a certain railway line, to wit: The Pittsburg, Fort Wayne & Chicago Railway line, and has since continually, during two years and

upwards since the happening of the alleged injuries, and before the commencement of the suit, operated said line, and during all the time of such operation had and maintained in said county goods, property and effects, and for the conduct of said business continually, etc., by and with the authority of said state, had and kept certain persons who respectively were then and there its officers, agents, attorneys, superintendents, engineers, conductors, station agents, cashiers and clerks, upon whom or either of whom process could have been served at any time during, etc., so as to subject said defendant personally and in its corporate capacity to the jurisdiction of the court; and, second, that during, etc., it had resided in said county and state, and had property and effects therein located and subject to attachment, levy and sale, and in which county said defendant could have been summoned to appear in its corporate capacity before said court and answer to the plaintiff.

To these rejoinders a demurrer was interposed and overruled, and the plaintiff elected to abide by it.

The trial proceeded upon the issues so joined, and the Circuit Court, of its own motion, gave to the jury the following instruction: " If the jury find, from the evidence, that the injury occurred within two years prior to the issuance of the original summons in this case, and that at the time of the service of the summons the said R. C. Meldrum, mentioned in the sheriff's return, was in fact the general agent of the present defendant, and has so continued from that time to the present, then the issuance of said original summons may be regarded as the commencement of this present suit; " and refused to give the following asked by the defendant: " If the jury believe, from the evidence, that the injury in question occurred more than two years next prior to the 27th day of March, A. D. 1877, the time of the commencement of this suit against this defendant, then the jury should find for the defendant."

A verdict was returned in favor of the plaintiff for three thousand dollars, a motion for a new trial was overruled, and a judgment entered on the verdict for the plaintiff, from which the defendant appealed.

At the last term we held that the Circuit Court erred in

overruling the demurrer to the rejoinder; that a foreign corporation must necessarily be and remain "out of this State," and that therefore the Statute of Limitations could not run in its favor.    And further, that the court also erred in giving the instruction above recited; that the two corporations named were separate and different parties; that the issuance of a summons against one could not be the institution of a suit against the other, though served upon their common agent; and that the action was not commenced against the appellant until March 27, 1877.    But these rulings could have affected only the issue upon the Statute of Limitations, which we deemed immaterial; and inasmuch as we thought the finding upon the general issue was supported by the evidence, which was fairly submitted to the jury upon proper instructions relating to it, we were not disposed to disturb the verdict, and affirmed the judgment.

Upon further investigation and consideration, on the rehearing of the case, we still think the instruction so given was erroneous; but in the light of several decisions since rendered, both in the Federal and state courts, are of opinion that the demurrer to the rejoinders was rightly overruled; that the fact that defendant was a corporation created by and existing under the laws of Pennsylvania was not necessarily conclusive against its right here to the protection of the Statute of Limitations; that the issue upon the statute was therefore material; that its determination under the evidence depended wholly upon the time when this action was commenced; that upon this point the instruction in question was directly misleading; and that the finding upon this issue, and consequently the judgment, should have been for the defendant.

It is provided by our statute that " if, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the time herein limited after his coming into or return to this state."    R. S. 1874, 675, § 18.

Was the Pennsylvania company, by reason of its origin and nature, necessarily out of this state, and incapable of coming into it?

It is beyond question that a corporation is the creature of

positive law, and where that law ceases to operate can have no existence. Such is the familiar doctrine announced in The Bank of Augusta v. Earl, 13 Peters, 519, and often since approved. The courts of New York, and of Nevada following them, have applied it specifically to the exclusion of foreign corporations from the benefit of their Statutes of Limitation, under a provision substantially like that of our own above quoted: Olcott v. The Tioga R. R. Co. 20 N. Y. 210; Rathbun v. The Northern Central R'y Co. 50 Id. 656; Robinson v. The Imperial Silver Mining Co. 5 Nev 44; State of Nevada, v. The. Central Pacific R. R. Co. 10 Id. 47; Barstow v. The Union Consolidated Silver Mining Co. Id, 386. And several of the circuit courts of the U. S. have declined to take jurisdiction of them, as not being "inhabitants of or found in" the district: Day v. The Goodyear Rubber Co. 1 Blatch. 628; Pomeroy v. The N. Y. & N. Haven R. R. Co. 4 Id. 120; Blossburg & Corning R. R. Co. v. The Tioga R. R. Co. 5 Id. 387; The Southern & Atlantic Telegraph Co. v. The New Orleans, Mobile & Texas R. R. Co. 2 Cent. Law J. 88; Stilwell v. The Empire Fire Ins. Co. 4 Id. 463, and note.

We should have no hesitation in approving of these applications of the doctrine if there were no other element in the cases bearing on the question than the origin and nature of the corporation. For it is true that a positive law can never, of its own force, and ordinarily does not otherwise operate beyond the territorial limits of the power by which it is enacted; and hence, unless otherwise enabled, a corporation must indeed " dwell in the place of its creation, and cannot migrate into another sovereignty." But the law of one State may have operation for certain purposes in another, by the comity or permission of the latter; and we see no insuperable difficulty in the way of such migration, provided the former does not positively forbid and the latter does positively consent.

It is conceded, even by the decisions above referred to, that with such consent they lawfully may, as they often actually do, remove their officers, agents, offices and effects into another sovereignty, and there exercise their functions and franchises. See, also, Ducat v. The City of Chicago, 48 Ill. 172; The La-

fayette Ins. Co. v. French, 18 How. 404; Balto. & Ohio R. R.
Co. v. Harris, 12 Wall. 65 ; The Railway Co. v. Whitton's
Adm. 13 Wall. 284 ; Gillespse v. The Commercial Mut-
Mar. Ins. Co. 12 Gray, 201.   In such a case, where is the cor-
poration?   If it be said that it still dwells in the place of its
creation, and is acting elsewhere only by agents, the answer is,
no more by agents elsewhere than in the place of its creation.
It can do nothing anywhere, nor manifest its presence or being
at all, except through its agents, its property or its operation.
Where these are, then, it seems most accordant with substan-
tial fact and reason to say, there is the corporation.   Where
these are not, we know of no means by which process can be
served upon it; and if there be none, that fact would seem to
be conclusive upon the question of residence for the time being,
at least for purposes of judicial jurisdiction.

Accordingly our own Supreme Court held the "residence" to
be "where its business was done"—" where it exercises corporate
franchises:" Bristol v. The Chicago & Aurora R'y Co. 15 Ill. 436.
Although this was said of a domestic corporation, it was upon
a question of local jurisdiction by counties ; and in a very late
case, against their first impression, but upon rehearing, and after
more full and mature consideration, they held it applicable to
a foreign one as well: Bank of North America v. The Chicago,
Danville & Vincennes R. R. Co. 82 Ill. 493.

This authority alone would suffice for us, but it is supported
by late decisions of the courts of other states: Lawrence v.
Ballou, 50 Cal. 258;  Baldwin v. The M. & M. R. R. Co. 5
Iowa, 518;  Richardson v. The Burlington & Mo. R. R. Co. 8
Id. 260;  The North Mo. R. R. Co. v. Akers, 4 Kan. 453.

So of the Federal courts.   Judge DILLON, in the case above
cited from 4 Cent. Law J., regarded the proposition as reason-
able and just, and said that if he were not foreclosed by other
decisions—referring doubtless to those of Mr. Justice NELSON,
in Blatchford—he would be strongly inclined to hold that a
corporation created by the law of one State and doing business
by permission in another, although a citizen of the former, was
an "inhabitant" of the latter for purposes of jurisdiction.
He is no longer so foreclosed.

Mr. Justice NELSON himself said, in Pomeroy v. The N. Y. & N. H. R. R. Co. *supra*, that in such a case he should have no difficulty in sustaining the jurisdiction of the State courts over the foreign corporation. But his decision was that it depended upon the State law giving the permission, and that a State law could not confer jurisdiction upon a Federal court. It was by this decision that Judge DILLON felt himself bound, and for the same reason assigned in it that Judge HILL also so held in The S. & A. Telegraph Co. v. The N. O. M. & T. R. R. Co. 2 Cent. Law J. 88. In other circuits, however, a different view has since been taken, and the jurisdiction of the Federal court asserted: Knott v. The Southern Life Ins. Co. 2 Woods, 479, and Fonda v. The British Am. Life Ins. Co. 10 Chicago Legal News, 309; and these decisions have now been approved by the Supreme Court of the United States in a very recent case, in which they review and expressly overrule those in Blatchford: *Ex parte* Schollenberger, published in "The Reporter" of July 3, 1878. They hold that the jurisdiction attaches upon the act of the party, and not by virtue of the State law, which has no other effect than to authorize that act; that the corporation is thereby found to be in the State, so as to be amenable, like those of its own creation, to the process of the courts established within it. And they say that this was really settled, and the cases in 1st and 4th Blatchford overruled, by that of the Balto. & Ohio R. R. Co. v. Harris, 12 Wall, 65, in the decision of which Judge NELSON fully concurred.

It thus appears to us that the decided weight of authority elsewhere is in support of that of our own Supreme Court, and to the effect that in this class of cases the foreign corporation is resident where, by proper permission, it carries on its business. In view of the vast extension of the business of these artificial persons, the methods of conducting it, their relations to natural persons growing out of it, and the rights and interests of such persons as so related, we regard this as the more reasonable and consistent theory.

But whether it be correct or not, the jurisdiction of the state over them is fully sustained by these authorities upon

Pennsylvania Co. v. Sloan.

that of their consent, manifested by their engagement in business within it under its permission given upon condition of such consent.

This jurisdiction is efficient. Judgments against them, upon service on their agents or otherwise according to the law of the State, are personal and therefore conclusive in other states. LaFayette Ins. Co. v. French, 18 How. 404; Gillespie v. The Commercial Mut. Mar. Ins. Co. 12 Gray, 201.

Ability to obtain such service is the test of the running of the Statute of Limitations. Said our Supreme Court: "Under our statute the inability of the creditor to have personal service on his debtor, seems to be made the sole ground for arresting it." Vallandigham v. Huston, 4 Gilm. 128. See, also, the opinion of Justices Miller and Strong, in the Tioga R. R. Co. v. The Blossburg & Corning R. R. Co. 20 Wall. 137.

It remains only to inquire whether any, and what, and upon what conditions, if any, permission has by this State been given to foreign companies to do business within it.

By § 2 of the Practice Act, it is provided that " actions against a railroad company may be brought in the county where its principal office is located, or in the county where the cause of action accrued, or in any county into or through which its road may run." R. S. 1874, 775.

By § 5 of the same, that " an incorporated company may be served with process by leaving a copy thereof with its president if he can be found in the county; if he shall not be found in the county, then by leaving a copy with ' any of the officers or agents therein mentioned '—including any ' general agent ' —' or any agent of said company found in said county.' " Ibid.

And by § 26 of the " Act concerning corporations," approved April 18, 1872, in force July 1, 1872, that " Foreign corporations and the officers and agents thereof, doing business in this State, shall be subjected to all the liabilities, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this State, and shall have no other or greater powers:" Id. 290 § 26.

These provisions are all applicable and have been in force

since a time anterior to the happening of the injuries complained of in this case.

The evidence shows, and it is undisputed, that since 1869 the appellant, fully equipped as to means and men, has been operating a line of railway in the county of Cook. During all that time, therefore, it has been subject to the jurisdiction of the Circuit and other courts of said county. The injuries here complained of were received on the 5th day of July, 1872; yet no process was issued in any suit therefor which purported to be against the appellant, until March 27th, 1877. The summons against another corporation as sole defendant, issued July 3, 1874—two days within the period limited by the statute—was not the commencement of this action; and the instruction to the jury, that upon the facts therein stated it might be so regarded, was in our opinion erroneous, and we have no doubt injurious. For that error and the consequent refusal of the instruction asked by the defendant, the judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.