The result of my examination of the case is that the exceptions to the report of the master must be overruled.

---

## RUNKLE *v.* THE LAMAR INSURANCE COMPANY.

*(Circuit Court, S. D. Ohio. ———, 1880.)*

JURISDICTION — FOREIGN INSURANCE COMPANY — REV. ST. § 739 — EX PARTE SCHOLLENBERGER, 96 U. S. 369.—A foreign insurance company is subject to the jurisdiction of a circuit court in a district other than that of which it is an inhabitant, when, in accordance with the statutory provision of the state in which such district is situated, it has duly authorized an agent of the company in that state to acknowledge service of process in such state for and on behalf of the company, and has consented that the service of process upon such agent shall be taken and held to be as valid as if served upon the company according to the laws of that or any other state or country.

Motion to set aside and quash the service of the summons.

*Taft & Lloyd,* for plaintiff.

*John F. Follett* and *J. M. Simon,* for defendant.

SWING, D. J.    This action is brought by the plaintiff, a citizen and resident of the southern district of Ohio, against the defendant, whom the petition avers to be a corporation created by the laws of New York, and an inhabitant of that state, and who, it alleges, did, on the twentieth day of August, A. D. 1878, at the city of Cincinnati, Ohio, in consideration of the payment by the plaintiff to the defendant of a premium of $60, by its agent, duly authorized, there make its policy of insurance in writing, and delivered the same to the plaintiff, insuring certain property against loss by fire.    That loss has accrued to the amount of $833.62, for which he claims judgment.

The command of the summons issued upon the petition is: "You are hereby commanded to summon the Lamar Insurance Company of New York, (John S. Taylor, agent,) citizen of and resident in the state of Ohio."    Upon the summons the marshal returns: "Received this writ at Cincinnati, Ohio, November 24, 1879, and served the same, by true copy hereof, to John S. Taylor, agent of the Lamar Insurance Company of New York, at 2:35 P. M., November 25, 1879."

The defendant filed a motion to set aside and quash the service of the summons for the reasons:

*First.* That the said defendant is a corporation organized under the laws of the state of New York, and is a resident and an inhabitant of said state of New York, and is not a resident or inhabitant of the state of Ohio, or of the said southern district of Ohio.

*Second.* Said summons was issued against the said defendant as a citizen of and resident in the state of Ohio, which is not true.

*Third.* The defendant cannot be sued or required to answer in this court.

The question presented in argument, and intended to be raised by this motion, is whether this court can acquire jurisdiction of a foreign insurance company, doing business in this

district, by the service of a summons upon its agent, residing within this district.

The motion is based upon the seven hundred and thirty-ninth section of the Revised Statutes, which provides "that no civil suit shall be brought against an inhabitant of the United States in any other district than that of which he is an inhabitant, or in which he is found at the time of serving the writ."

The statutes of the state of Ohio in regard to suits against foreign insurance companies provide, (section 3658:) "Any such company desiring to transact any business by an agent in this state shall file, with the superintendent, a written instrument, duly signed and sealed, authorizing any agent of the company in this state to acknowledge service of process in this state for and on behalf of the company, consenting that service of process, mesne or final, upon such agent, shall be taken and held to be as valid as if served upon the company according to the laws of this or any other state or country."

Section 5030 provides "that in case of foreign insurance companies the suit may be brought in a county where the cause of action originated."

And section 5046 provides that "when the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent."

It is contended by the defendant that being, under the decisions of the supreme court of the United States, for the purposes of suit, a citizen of the state creating it, its habitation is fixed in that state, and it cannot be "found" outside of that state so as to be served with a summons in any other district than that in the state, which created it, and that the statutes of Ohio cannot have the effect to change this rule of law; and in support of this proposition we were referred by learned counsel to *Pomeroy* v. *N. Y. & N. H. R.* 4 Blatch. 220; *Myers* v. *Darse*, 13 Blatch. 22. These authorities certainly do sustain the proposition, as well as does that of *Stillwell et al.* v. *The Empire Fire Ins. Co.* 4 Central Law Journal, 463, decided by Judge Dillon. A different view, however, seems to have been held by Justice McLean, in *French* v. *The Lafayette*

*Fire Ins. Co.* 5 McLean, 461, and by Judge Woods, in *Knote* v. *Southern Life Ins. Co.* 2 Woods, 479.

But, whatever may have been the different decisions upon this question, and the reasons in support thereof, it is not now necessary to discuss, for the law upon the subject has been recently definitely settled by the supreme. court of the United States, in *Ex parte Schollenberger*, 96 U. S. 369. In that case suit was brought in the circuit court of the United States for the eastern district of Pennsylvania, by a citizen of that district, against a foreign insurance company, and service of process was made upon its agent, who resided within the district. The company was doing business in Pennsylvania, under a license, under a statute which required that the company should file a written stipulation, agreeing that process issued in any suit brought in any court of that commonwealth having jurisdiction of the subject-matter, and served upon the agent specified by the company to receive service of process for it, should have the same. effect as if personally served upon the company within the state.

The provisions of this statute are substantially those of the state of Ohio, *supra*. In that case Mr. Chief Justice Waite, after citing, in support of the jurisdiction, *Railroad Company* v. *Harris*, 12 Wall. 65; *Railway Company* v. *Whitton*, 13 Wall. 270; *Lafayette Insurance Co.* v. *French*, 18 How. 404; and *Ex parte McNeill*, 13 Wall. 236, says:

"A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located, by or under the authority of its charter; but it may, by its agents, transact business anywhere, unless prohibited by its charter, or excluded by local laws. Under such circumstances it seems clear that it may, for the purposes of securing business, consent to be 'found' away from home, for the purposes of suit growing out of its transactions. The act of congress prescribing the place where the person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the

citizenship of the party is sufficient, a defendant may consent to be sued anywhere he pleases; and, certainly, jurisdiction will not be ousted because he has consented. Here the defendant companies have provided that they can be 'found' in a district other than that in which they reside, if a particular mode of proceeding is adopted, and they have been so 'found.' In our opinion, therefore, the circuit court has jurisdiction of the causes, and should proceed and try them.

"We are aware that the practice in circuit courts generally has been to decline jurisdiction in this class of suits. Upon an examination of the reported cases in which this question has been decided, we find that in almost every instance the ruling was made upon the authority of the late Mr. Justice Nelson, in *Day* v. *The Newark India-Rubber Manufacturing Co.* 1 Blatchf. 628, and *Pomeroy* v. *The New York & New Haven R. Co.* 4 Id. 120. These cases were decided by that learned justice, the one in 1850 and the other in 1857, long before our decision in *Railroad Co.* v. *Harris, supra,* which was not until 1870, and are, as we think, in conflict with the rule we there established. It may also be remarked that Mr. Justice Nelson, a member of this court, concurred in that decision."

In the cause now before the court, the plaintiff being a citizen of this district, and the defendant a citizen of the state of New York, the residence of the parties is such as to give this court jurisdiction; and the defendant having complied with the statutes of Ohio, thereby consented that it might be sued within this district, and that process might be served upon their agent; and suit having been brought in this court, and process having been served upon their agent, jurisdiction has been obtained of the defendant.

The motion to quash will, therefore, be overruled.