# THE PENNSYLVANIA COMPANY
## v.
## GEORGE M. SLOAN.

*Statute of Limitations—Misnomer of Defendant—Amendment, not the Beginning of New Suit—Railroads—Personal Injury.*

1. Where suit is brought against A by the name of B, and he appears and defends, and pending the suit the mistake in the name of the defendant is discovered and corrected by inserting in the record his proper name, such amendment does not constitute the bringing of a new suit against A. This rule applies where the defendant is a corporation.

The Pennsylvania Co. v. Sloan.

2. In an action to recover damages for a personal injury, brought against the "Pittsburg, Ft. Wayne & Chicago Railroad Company," instead of the "Pennsylvania Company," by the negligence of whose servants the plaintiff was injured, it is *held:* That the Pennsylvania Company was the real defendant in the original summons; that the evidence was sufficient to warrant the jury in finding that the plaintiff, in suing out the original summons, intended to bring suit and in fact brought suit against said Pennsylvania Company; that the amendment of the record by inserting the proper name of the defendant was not the commencement of a new suit; and that the action is not, therefore, barred by the Statute of Limitations.

[Opinion filed November 23, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. GEORGE DRIGGS, for appellant.

Mr. JOHN LYLE KING, for appellee.

BAILEY, J. This was an action on the case to recover damages for a personal injury. The injury complained of was received by the plaintiff July 5, 1872, and it appears without controversy, so far as this appeal is concerned, that said injury was caused by the negligence of the defendant's servants in the management and operation of certain engines and cars upon a railway in the possession of and operated by the defendant. The only defense insisted upon here is that which is presented by the defendant's plea of the Statute of Limitations.

It appears that the railway in question was built in 1853 or 1854, by a corporation known as the Pittsburg, Fort Wayne & Chicago Railroad Company, and that such corporation owned and operated said railway until about the year 1860, at which date it was sold under foreclosure proceedings, and became the property of a new corporation known as the Pittsburg, Fort Wayne & Chicago Railway Company. At the time of the foreclosure, the original corporation ceased to do business, and since then it has owned and operated no railway, and is not shown to have maintained a corporate existence for any other purpose than that of adjusting such matters as re-

mained after all its railway property had been swept away by the foreclosure.

The Pittsburg, Fort Wayne & Chicago Railway Company continued to own and operate said railway until some time in the year 1869, when it leased the railway with the appurtenances to the defendant, the Pennsylvania Company, a corporation organized under the laws of Pennsylvania, and ever since that date said railway, together with its engines and cars, has been in the possession of and has been operated by the defendant. The evidence shows that during all the time the railway has been in existence, it has been usually called and known to the public as the Pittsburg, Fort Wayne & Chicago Railroad, or Railway, and the company operating it as the Pittsburg, Fort Wayne & Chicago Company.

On the 3d day of July, 1875, which was two days less than two years after the date of his injury, the plaintiff commenced a suit to recover damages therefor by suing out a summons, and in said summons the defendant was named " The Pittsburg, Fort Wayne & Chicago Railroad Company." That summons was returned " *non est inventus*," whereupon an *alias* summons was issued and returned served on R. C. Meldrum, an agent of said company.

The evidence is undisputed that Meldrum, at the date of the service of said writ, was, and ever since the leasing of the railway to the Pennsylvania Company had been, the general western freight agent of that company, having his office in Chicago. The evidence also shows that, prior to said lease, Meldrum was in the service of the Pittsburg, Fort Wayne & Chicago Railway Company in a similar capacity, but there is no very satisfactory evidence that his agency for that company continued after the execution of the lease, and there is no evidence that he ever was the agent of the Pittsburg, Fort Wayne & Chicago Railroad Company, either before or after the railway passed from the possession of that company by means of the foreclosure proceedings.

The writ having been served as above stated, the plaintiff filed his declaration describing the defendant as the Pittsburg, Fort Wayne & Chicago Railroad Company. Afterward an

attorney appeared for the defendant and in the same name filed a plea of not guilty. The attorney so appearing was the attorney having general charge for the Pennsylvania Company of all litigation in Chicago in which that company was interested, and receiving from said company a fixed annual salary for his services. It appears also that he had been the attorney at Chicago of both the preceding companies from the time of their organization, and still had authority to appear in their behalf and defend any suits which might be brought against them. It appears from the testimony of said attorney that, being in the employ of all of said companies, he deemed it his duty to appear and defend the suit, and if it turned out to be a suit against the Pennsylvania Company, to defend it under his retainer by that company; that he was not expressly employed by either company to defend; that he was never paid for his services by the Pittsburg, Fort Wayne & Chicago Railroad Company and never presented a bill for his services to that company, but that all the compensation he ever received or asked for was the salary paid him by the Pennsylvania Company.

Upon the issue formed by said plea two trials were had, each resulting in a verdict in favor of the plaintiff. On the 26th day of March, 1877, a third trial was entered upon, and after a portion of the evidence had been introduced, leave was given to the plaintiff, on his motion, to withdraw a juror, and to amend the papers and record in the cause by substituting the name of the Pennsylvania Company as defendant in place of that of the Pittsburg, Fort Wayne & Chicago Railroad Company. The papers and record having been thus amended, a summons was issued March 27, 1877, to the Pennsylvania Company, which was afterward served on that company by delivering a copy to Meldrum, its agent.

The Pennsylvania Company thereupon appeared in its own name and pleaded—first, not guilty; second, that the causes of action did not accrue within two years next before the institution of the suit. Upon these pleas various issues were formed and a trial was had, resulting in a verdict and judgment in favor of the plaintiff. That judgment was reversed by this

court on appeal for reasons stated in the opinion then filed. Pennsylvania Company v. Sloan, 1 Ill. App. 364. After the cause was reinstated in the court below, all the replications to the plea of the Statute of Limitations previously filed were withdrawn and thereupon the plaintiff filed two replications to said plea, the first of which is substantially as follows:

That prior to and at the time said cause of action accrued, the defendant was a corporation of the State of Pennsylvania, having its chief office and president in that State, but was possessed of and operating a certain railroad known as the Pittsburg, Fort Wayne & Chicago Railroad, extending from the City of Chicago into the State of Pennsylvania, and all the cars, locomotives and rolling stock belonging thereto, and that all the agents, servants and employes operating said railroad were the agents, servants and employes of the defendant; that the causes of action in the declaration mentioned accrued to the plaintiff by reason of the negligence of the defendant's servants and employes in the use and operation of said cars and locomotives; that prior to and at the time said causes of action accrued, one Meldrum was the agent of the defendant in Chicago; that the plaintiff, on the 3d day of July, 1875, sued out a writ of summons and impleaded the defendant in the name of the Pittsburg, Fort Wayne & Chicago Railroad Company, the said Pennsylvania Company then being reputed and known as the Pittsburg, Fort Wayne & Chicago Railroad Company, which summons was returned by the Sheriff not served; that the plaintiff thereupon sued out an *alias* summons against the defendant, by its said reputed name, which *alias* summons was afterward returned served on said Meldrum, the defendant's said agent; that said service of summons being had, the defendant, by its attorney, appeared in said action, and without objection or plea in abatement pleaded to the merits and joined issue in said cause; that, at the April term, 1876, of said court, said cause was tried before a jury and a verdict rendered for the plaintiff; that said verdict was set aside at the instance of the defendant and a second trial had at the October term, 1876, resulting in a verdict for the plaintiff, which verdict was also set aside by the court at the in-

stance of the defendant; that, at the March term of said court, 1877, such proceedings were had, that leave was granted by the court to the plaintiff to amend the record and proceedings by substituting the name of the Pennsylvania Company, whereupon the plaintiff caused a summons to issue against the defendant in that name, which was afterward, and on the 28th day of March, 1877, served on said Meldrum, then still the agent of the defendant; and so the plaintiff says, that this suit is the same suit commenced as aforesaid by summons against the defendant by the name of the Pittsburg, Fort Wayne & Chicago Railroad Company, and that the causes of action in the declaration mentioned, and each and every of them, accrued within two years before the commencement of this suit.

The second replication was substantially like the first, and closed with the same averment, that the causes of action in the declaration mentioned, and each and every of them, did accrue within two years next before this suit was commenced.

Issues were taken on said replication by rejoinders, and the cause again coming on to be tried before a jury, a verdict was rendered finding the issues for the plaintiff and assessing his damages at $5,000, and for that sum and costs the court gave judgment in his favor. This last judgment is the one brought here by this appeal.

The foregoing replications, when stripped of their verbiage, amount merely to a traverse of the plea of the Statute of Limitations. They aver that the causes of action in the declaration mentioned did accrue within two years next prior to the commencement of the suit, and also set out a number of facts and circumstances which are material only as evidence upon the issue raised by said traverse. The only question to be considered then is, whether the evidence sustains the finding of the jury in favor of the plaintiff upon that issue.

The original summons, which names as defendant the Pittsburg, Fort Wayne & Chicago Railroad Company, was sued out within two years after the date of the plaintiff's injury; while the summons, which names the Pennsylvania Company as

defendant, was not issued until more than two years after that date. The case then turns upon the question as to which corporation was the real defendant in the original summons. Was that summons issued against the right defendant by a wrong name, or was it issued against the wrong defendant? This is mainly a question of fact upon which the verdict is conclusive, unless it is obviously against the preponderance of the evidence, or is plainly the result of some misconstruction of the evidence by the jury.

It can not be doubted that it was the intention of the plaintiff to sue the corporation which at the time was operating the railway in question, and by the negligence of whose servants he was injured. Not only does he testify that such was his intention, but all the circumstances lead to the same conclusion. It further appears that said railway was very generally known to the public as the Pittsburg, Fort Wayne & Chicago Railroad, and that the corporation operating it was popularly known as the Pittsburg, Fort Wayne & Chicago Railroad Company. The summons when issued was actually served on an agent of the corporation liable for the injury, and against whom the plaintiff intended to bring his suit. The regularly retained attorney of that corporation appeared and conducted the defense. When the error in the name of the defendant was discovered, the record was amended by inserting the true name, and the suit was then prosecuted to judgment.

These facts are in our opinion sufficient to warrant the jury in finding that the plaintiff, in suing out the original summons, intended to bring suit and in fact brought suit against the defendant, the Pennsylvania Company.

If a plaintiff brings suit against A by the name of B, and summons is served on A, and he appears and defends, and judgment is rendered against the defendant in the suit, the judgment is against A and he is bound by it, nor is the case affected in the least by the fact that there is another person in being by the name of B. And in such case, if during the pendency of the suit, the mistake in the name of the defendant is discovered and corrected by inserting the name of A in the record in the place of B, such amendment does not constitute

the bringing of a new suit against A. Such suit, so far as the Statute of Limitation applies, must be deemed to have been instituted at the time of suing out the original summons. We can not see that any different rule applies where the defendant is a corporation. Service in such case, it is true, can not be made on the corporation itself but must be made on an officer or agent, but when so made, the same legal consequences follow as in case of a personal service of process on a natural person.

No question is, or can be made, that the service was on an agent of the Pennsylvania Company. There is some evidence, though of a very unsatisfactory character, that the same person was also an agent in some capacity of the Pittsburg, Fort Wayne & Chicago Railway Company, the defendant's lessor. But whether he was an agent of that corporation or not is wholly immaterial. That corporation is in no way in question in this suit. There is not, however, a scintilla of proof that said agent was or ever had been in any way the agent of the Pittsburg, Fort Wayne & Chicago Railroad Company. That company had lost all its railroad property by a foreclosure proceeding fifteen years before the date of said service, and had long been out of business and practically extinct. It is clear then that the service was not and could not have been on that corporation.

Service having thus been had on the Pennsylvania Company and on that company alone, an attorney who claims to have had authority to appear for either or all of the three corporations above named, appeared in the case, and, without raising any question as to the style by which the defendant was sued, or as to which of said corporations was really in court, filed a plea of not guilty and represented the defendant at three trials of the cause before the amendment was made. As nothing appears to the contrary, he must be presumed to have appeared and defended for the one of his clients which had been sued, and such presumption is strongly corroborated by the testimony of said attorney above referred to, that, being in the employ of all of said corporations, he deemed it his duty to appear and defend the suit, and if it

turned out to be a suit against the Pennsylvania Company, to defend it under his retainer by that company.

On consideration of all the evidence we are satisfied with the verdict. We find no substantial error in the instructions to the jury. There being no error in the record, the judgment will be affirmed.

*Judgment affirmed.*