[No. 3196.]

# ELIZA P. LAWRENCE v. JOHN Q. A. BALLOU ET AL.

MAKING AN ADDITIONAL PARTY A DEFENDANT.—If the plaintiff moves on the 19th of April for an order to bring in an additional party as a defendant, and the order is made, and on the 13th of May stipulates that such party may file an answer *nunc pro tunc*, as of the 19th of April, the plaintiff is estopped from saying that such defendant was not a party, and in court from the 19th of April.

WHEN FOREIGN CORPORATION MAY RELY ON STATUTE OF LIMITATIONS.—If a foreign corporation has a managing agent in this State who exercises his authority openly as such, without fraudulent concealment, it may be sued in the courts of this State, and service of process made personally upon such managing agent; and if the agent, as such, has held and possessed land for the company for five years, the corporation may claim the benefit of the Statute of Limitations.

STATUTE OF LIMITATIONS AS TO REALTY.—In ejectment, a party who is brought in on motion of the plaintiff, as an additional defendant, after the suit has been pending a long time, may claim the benefit of the Statute of Limitations up to the day he is made a party.

EFFECT OF AVERMENTS IN COMPLAINT IN EJECTMENT.—If the plaintiff, in his complaint in ejectment, alleges that the defendant is present and in the actual occupation of the demanded premises, he cannot afterwards be heard to say that the defendant was not present and in occupation, but was out of the State, when the defendant relies upon his presence and occupation as constituting an adverse possession, and as entitling him to the benefit of the Statute of Limitations.

ERRONEOUS JUDGMENT.—A judgment rendered against a party who is brought in by motion as a defendant after the trial is concluded is erroneous as to such party.

POSSESSION OF LAND BY AN AGENT.—If, in ejectment, a corporation and its managing agent are both made defendants, and the court finds that the corporation is and has been in possession of the demanded premises by its agent, and that the corporation has a legal defense to the action, the possession of the agent cannot be disturbed.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Ejectment against John Q. A. Ballou, E. H. Parker, and others, to recover a tract of land known as the Hatch claim, being a part of the Potrero Nuevo in the city of San Francisco. The complaint was filed on the 16th day of January, 1866. Parker alone answered, and his answer was filed on the 15th day of February, 1866. He afterwards, but at

what time the record does not show, filed an amended answer.    On the 19th of April, 1871, on motion of the plaintiff's attorney, defendant Parker consenting thereto, the Hazard Powder Company, a corporation incorporated in and under the laws of Connecticut, was, by an order of the court, made a party defendant.    On the 13th of May, 1871, it was stipulated that the corporation might file an answer *nunc pro tunc*, as of April 19.    The answer was filed on the last-named day.    The case was tried by the court, and findings were filed on the 29th of April, 1871.    Exceptions having been taken to the findings, on the 31st of July, 1871, amended findings were filed.

The court found the following facts: That on the 9th day of December, 1853, Harvey A. Hatch owned the "Hatch claim;" that the same contained one hundred and thirty-four acres, and that on the last-named day he conveyed to Charles Brown and Harvey S. Brown, an undivided interest of fifteen acres in the premises; that, at the time, one Fairbanks was the tenant of Hatch in the possession of a portion of the "Hatch claim" which embraced the demanded premises, and that said Hatch conveyed to said Fairbanks that portion of the "Hatch claim" of which he was in possession, and which embraced the demanded premises; that the premises in controversy were a small part of the "Hatch claim," bounded and described as follows: Commencing at the shore of the Bay of San Francisco, in Illinois street, where a stone wall intersects said shore of the Bay, and thence running northerly along said stone wall ninety-four feet seven inches, more or less, to a picket fence; thence easterly along said picket fence about one thousand two hundred feet to the shore of the Bay of San Francisco; and thence easterly and westerly along the shore of said Bay to the place of beginning, being seven and ninety-two one hundredths acres of land.

That on the 22d of December, 1855, Fairbanks conveyed to defendant Parker a portion of the premises in controversy, seventy feet front by three hundred and eleven feet deep, containing half an acre, and placed him in possession thereof.    That on the 30th day of October, 1856, Parker

conveyed the same to the Hazard Powder Company. That on the 27th of March, 1857, Fairbanks conveyed to the Hazard Powder Company all the premises in controversy, including the tract which he had before conveyed to Parker, and transferred the possession of the portion he had not before conveyed to Parker to said company, through said Parker. That neither the Browns nor their successors in interest were ousted from their undivided interest in the premises in controversy until the 13th of September, 1865, at which time Parker ousted the plaintiff from that portion of the same conveyed to him; and the corporation on the same day ousted the plaintiff from that portion of the same conveyed to them. That the plaintiff, on the 1st day of May, 1865, by proper mesne conveyances, became invested with the undivided interest of the Browns in the premises in controversy. That the Hazard Powder Company was, and had been since the 1st day of January, 1853, a foreign corporation, incorporated in and under the laws of Connecticut, and that during all of said period said corporation had had a general managing agent in the city and county of San Francisco, and had had an office and been doing business in said city, and said agent had had the whole control and management of its property in this State, and defendant Parker had been the agent. That said Parker had had no other occupation of the premises in controversy than as such agent; and that, in 1855, he built a wharf and powder magazine on the lot purchased by him from Fairbanks; and in October and November, 1856, built another powder magazine on the same; and that Parker defended the suit against him at the expense and for the benefit of the corporation. The complaint averred that the plaintiff was ousted on the 2d day of May, 1865. The defendants pleaded, among other defenses, the Statute of Limitations. The court gave the plaintiff judgment for only the undivided 15–134ths of the lot conveyed by Fairbanks to Parker, and as to the rest of the premises in controversy adjudged that defendants go thereof without a day. The plaintiff appealed from the judgment denying him a recovery of all the premises in controversy, and from an order denying him a new trial;

and the defendants appealed from the judgment and from an order denying them a new trial.

*John Reynolds,* for the Appellants Parker and the Hazard Powder Company

The action, as to the whole property, is barred by the Statute of Limitations. It is found that the Hazard Powder Company had been in the occupation of all the premises involved in this trial since March, 1857; that Parker had no other occupation of said premises than as agent of the Powder Company.

It is also found that the plaintiff was ousted on the 13th of September, 1865, and that this corporation and its agent (as agent) has ever since held the possession adversely to the plaintiff. This was the adverse possession of the Hazard Powder Company, and the Statute of Limitations applies. The action, as to it, was not commenced until April 19, 1871. (*Miller's Heirs* v. *McIntire,* 6 Pet. 61; *Holmes* v. *Treat,* 7 Pet. 171, 197, 199, 214; *Sicard* v. *Davis,* 6 Pet. 125; *Alexander* v. *Pendleton,* 8 Cranch, 462; *Libby* v. *Hodgdon,* 9 N. H. 394; *Lombard* v. *Aldrich,* 8 N. H. 31; Angell & Ames on Corporations, Secs. 104, 297, 303, 311, 312, 313, 382, 385, 386, 387, 389, 404; *Yarborough* v. *Bank of England,* 16 East, 6.)

But even if the defendants are both equally liable, or the action could be properly brought against Parker, he being, as plaintiff contends, in the possession, then it is barred as to him.

The evidence shows that he, as agent of the powder company, had had the exclusive possession there for more than five years before the suit was commenced. (*Parker* v. *Proprietors, etc.,* 3 Met. 101; *Bogardus* v. *Trinity Church,* 4 Paige, 178; *Kittridge* v. *Locks et al.,* 17 Pick. 264; *Bigelow* v. *Jones,* 10 Pick. 161; *Marcy* v. *Marcy,* 6 Met. 360; *Humbert* v. *Trinity Church,* 24 Wend. 586; *Owen* v. *Morton,* 24 Cal. 376; *McLaren* v. *Benton,* 43 Cal. 467; *Jackson* v. *Huntington,* 5 Peters, 402.)

The Hazard Powder Company was first made party to this suit more than five years after the disseizin found.

The action was therefore barred. (*Miller's Heirs* v. *McIntire*, 6 Peters, 61; *Holmes* v. *Treat*, 7 Peters, 171, 197, 199, 214; *Sicard* v. *Davis*, 6 Peters, 125; *Alexander* v. *Pendleton*, 8 Cranch, 462.)

The limitation applies to a foreign corporation, when it has an office and an agent, on whom service can be made, in the State. (*Libby* v. *Hodgdon*, 9 N. H. 394; *Lombard* v. *Aldrich*, 8 N. H. 31; Angell & Ames on Corporations, Secs. 104, 297, 303, 311, 312, 313, 382, 385, 386, 387, 389, 404; *Yarborough* v. *Bank of England*, 16 East, 6.)

*S. M. Wilson and A. Campbell*, also for the same Appellants.

*Campbell, Fox & Campbell, and D. P. Barstow*, also for said Appellants.

*J. P. Hoge*, for Appellant Lawrence.

The Hazard Powder Company was a party to the action from the first. Filing a complaint is the commencement of a suit. (Pr. Act, Sec. 21.)

Their agent Parker was served and answered in his own name, instead of that of the company, but he set up their title in defense, "and at their expense." No process was issued against the Hazard Powder Company, or required to be issued against them. They entered a voluntary appearance, which waives all defects. (*Hayes* v. *Shattuck*, 21 Cal. 55; *Allen* v. *Marshall*, 34 Cal. 165.)

Amendment of complaint relates back to the commencement of suit, so as to save such claim from the Statute of Limitations. (*Ward* v. *Kalbfleisch*, 21 How. Pr. 283.)

Adding the name of the Hazard Powder Company to the complaint is only an amendment, and not the commencement of a new suit. Neither is it the statement of a new cause of action. This solves the whole question. If an amendment, it must be an amendment to an existing suit, and the Statute of Limitations, in order to be of any avail, must have run before this existing suit was commenced. If summons had been required to be served on the Hazard

Powder Company, they might have moved to dismiss for want of prosecution, but service of summons was waived, and they appeared voluntarily.

The Hazard Powder Company was a foreign corporation residing in Connecticut, and Parker was their managing agent in this State, having possession and control of these lands as well as all other property of the company.

This point has recently been expressly decided in our favor by the Supreme Court of Nevada. (*Robinson* v. *The Imperial Silver Mining Company*, 5 Nev. 45.)

The corporation cannot migrate, and can have no corporate existence beyond the limits of the State of Connecticut (*Bank of Augusta* v. *Earle*, 13 Peters, 588; *Runyan* v. *Lessees of Costar*, 14 Id. 129; *McQueen* v. *Middleton Manufacturing Company*, 16 Johns. 5), and therefore cannot hold possession of land as a corporation in this State. Its agent can only hold possession and exclude the owner, and he is the proper party against whom to bring a possessory action, the title not being involved.

The Statute of Limitations could not run in favor of the Hazard Powder Company, because it is a foreign corporation. (Tillinghast & Shearman's Pr. 332; Tyler's Ejectment, 140; *Olcott* v. *Tioga R. R. Co.*, 20 N. Y. 210; *Mallory* v. *Tioga R. R. Co.*, 5 Abbott's N. S. 420; *Mallory* v. *Tioga R. R. Co.*, 36 How. 202; *Thompson* v. *Tioga R. R. Co.*, 36 Barb. 79; *The N. Mo. R. R. Co.* v. *Akers*, 4 Kansas, 453; Statute of Limitations, Sec. 22.)

*McAllisters & Bergin*, also for Appellant Lawrence.

By the Court, McKINSTRY, J.:

These are cross-appeals in the same cause, and were argued together.

The Hazard Powder Company did not become a party to this action until the 19th day of April, 1871, when its answer was in effect filed. The plaintiff having moved to make the company a party defendant on the 19th of April, and having stipulated on the 13th of May that the answer should be filed on that day *as of the 19th of April*, cannot be

heard to say that the company was not a party and present in court from the last-named day.

If the Hazard Powder Company be considered as appearing on the 19th of April, the Statute of Limitations had run in its favor, since the District Court found that the company ousted and ejected the plaintiff September 13, 1865, and from thence had held the adverse possession. The Court also found that E. H. Parker had been the managing agent of the company (a foreign corporation), in this State from the first day of January, 1853. We are of opinion that when a foreign corporation has a managing agent in this State (exercising openly his authority as such, and without fraudulent concealment), the corporation is within the State within the intent of the Statute of Limitations. It may be sued in the courts of this State, and service of process made personally upon the managing agent, and if the latter exercised his functions here continuously for the period fixed by the Statute of Limitations, the corporation may claim the benefit of the statute.

In the present case the corporation was made a party defendant, and the complaint alleges an entry and ouster by the company, and an adverse holding of the premises since the 2d of May, 1865, and the court below found as a fact that the ouster occurred more than five years before the company was made a party defendant. It cannot be claimed that the defendant was present and in the actual occupation for the purpose of being sued, but that the court must, at the same time, ignore its presence and occupation when they are relied upon as constituting an adverse possession and defense.

If, however, it were correct to say that the Hazard Powder Company was not a party defendant until the 14th day of May (which was after the trial was finished), it is clear that the judgment against the company should be reversed.

The court found that the defendant Parker had no other occupation of the premises than as agent of the Hazard Powder Company, and the latter having established a legal defense to the action, it necessarily results that the possession of the agent cannot be disturbed.

Judgment and order denying new trial reversed, and cause remanded for a new trial.

Mr. Justice RHODES and Mr. Justice CROCKETT, being disqualified, took no part in the decision.