# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT,

AT THE

## JANUARY TERM, 1881.

---

KING, appellant, *v.* NATIONAL M. & E. Co., respondent.

FOREIGN CORPORATION — *Effects of failure to record charter — May do business — May plead statute of limitations.* — The law requiring foreign corporations doing business in this territory to first file charter or act of incorporation, declares the failure to do so to be wilful negligence, and fixes the penalty therefor to be, not disqualification to do business in the territory, but simply relieves the party suing such corporation from the necessity of proving the incorporation, except by reputation.

A foreign corporation doing business openly, without fraudulent concealment, with an office and a managing agent or superintendent within the territory, though it has not filed its charter, articles of incorporation, or copy thereof, for record as required, is not a foreign resident within the meaning of section 50, Code of Civil Procedure, and a personal judgment could be rendered against it, and it could plead the statute of limitations.

Sections 46 and 47, page 419, Codified Statutes of 1872, construed.

*Appeal from Third District, Lewis and Clarke County.*

GALBRAITH, J. The record in this case discloses the fact that there was a trial to a jury, in which the plaintiff produced and examined witnesses in support of his complaint and presented his case. None of the evidence thus produced, however, appears in the transcript. The rec-

ord further discloses that thereupon a motion of non-suit was made and sustained. Although the appellant excepted to the action of the court in sustaining the motion of non-suit, he does not, as appears from his brief, insist or rely upon this exception to reverse the judgment. But this exception, even if insisted upon, unless the evidence was before us, could not be considered. There being no statement of the evidence in the transcript, it will be presumed not only that the non-suit was properly granted, but also that the plaintiff did not sustain his complaint or make out a *prima facie* case thereon. He must, therefore, be conclusively presumed to have had no cause of action. But if he had no cause of action, how can he now complain of injury done him by sustaining the motion to strike out portions of his complaint. How can he, an uninterested party, challenge the right of the defendant to do business in this territory or to plead the statute of limitations ? He is, as appears by the transcript, uninjured and unharmed by the action of the court in relation to his motion, and for this reason alone, this court should not disturb the judgment. The above reasons would be sufficient upon which to base our decision in this case, but the questions presented in the appellant's brief, and relied upon by him for a reversal of the judgment, are important and entitled to a brief consideration.

They are, first, the right of the respondent to do business in this territory, it being a foreign corporation and having failed to file a copy of its charter as required by law. Second, the right of a foreign corporation to plead the statute of limitations in this territory.

In relation to the former, it is claimed by the appellant that by virtue of sec. 46, p. 419, of the Codified Statutes of this territory, the respondent was, up to the time of the institution of this action, incapable of and disabled from carrying on, conducting or transacting any business in this territory, or of maintaining and keeping a business

or managing agent or superintendent qualified or authorized to carry on, transact or conduct any business for the said respondent, and that by reason thereof the said respondent was disabled and incapable of purchasing, acquiring or holding any property, or of doing business of any kind, nature or description whatever in said territory.

This section, so far as it is necessary for the purposes of this inquiry to quote therefrom, reads as follows: "That hereafter all mining, manufacturing and other companies or incorporations, incorporated by the legislature of any state or territory of the United States, or incorporated under the general laws of incorporation of any state or territory, other than this territory, and incorporated for the purpose of carrying on or doing business of any kind, nature and description whatever in this territory, shall, before they proceed to do business under the charter or certificate of incorporation in this territory, file for record with the secretary of the territory, and also in the office of the recorder of the county in which they are carrying on business, the charter or certificate of incorporation of said company or corporation, duly authenticated, or of the copy of said charter or certificate of incorporation."

This section and section 47, which follows, constituted, when first enacted, a separate and distinct act of the legislature, which was passed in 1867, and although re-enacted in the Codified Statutes of 1872, yet it is to be construed as when at first passed in 1867, and as if a single and separate act. The act of 1867 contained but two sections, one (1) and two (2); section 1 thereof being identical with section 46, and section 2 with section 47 of the general incorporation act, as contained in the Codified Statutes. Section 47 of the general incorporation act is as follows: "That any company or corporation incorporated as in section 1 of this act, that shall neglect or refuse for the period of thirty days to file for record their charter or certificate of incorporation, or copy thereof, with

the secretary of the territory and county recorder of the county wherein such business may be carried on, shall be deemed guilty of wilful negligence on the part of said company or corporation, and thereafter any person or persons maintaining or prosecuting any civil action in any court of this territory against said company or corporation so neglecting or refusing to file for record their charter or certificate of incorporation, or copy thereof, with the secretary of the territory and county recorder, heretofore provided, shall not be held to prove on trial the incorporation of said company or corporation by the original charter or certificate of incorporation, or act of incorporation, but the same may be proved by general reputation."

From the history of these sections, it will be observed that where reference is made therein to "section 1 of this act," or the words used are, "as heretofore provided," section 46 of the general incorporation act, and it alone, is thereby indicated. The above sections, 46 and 47 of the general incorporation law, being therefore a single act, and expressing the legislative will in regard to the subject matter thereof, must be construed together. The language used by the court in the case of *Bradbury* v. *Wagenhart*, 54 Pa. St. 180, and cited by appellant, is in harmony with our statute in regard to construction — section 513 of the Code of Civil Practice, — and affords a simple rule of interpretation of legislative enactment and one applicable to this case. The language is as follows: "Whatever may have been the legislative thought, no ambiguity exists as to what they have said; and when the words of a statute are plainly expressive of an intent, the interpretation must be in accordance therewith." Applying this rule of interpretation to these sections, constituting, as we have seen, a single act of the legislature, we are led to conclude that section 46, although its language is mandatory in its character, and requires of foreign corporations the performance of the acts therein mentioned, yet section 47 thereof prevents it

becoming a statute of absolute prohibition, and prescribes the consequences which shall result from a failure to comply with the provisions of section 46. The plain intent of the legislature by enacting this statute is to require of foreign corporations that before they proceed to do business under their charter or certificate of incorporation, that a copy thereof shall be filed as provided therein; and upon failure so to do, that although they may do business in the territory under such charter or certificate, such failure shall be deemed wilful negligence upon their part; and persons maintaining or prosecuting civil actions against them are not required to prove, on the trial, their incorporation by the original charter, certificate or act of incorporation, but may prove the same by general reputation. Section 47, therefore, simply indicates the consequences, and those only, which shall result from a failure to comply with the provisions of section 46. These two sections constitute a single act of the legislature, the first section of which prescribes the conditions upon which foreign corporations may carry on business in this territory, and the second section of which points out and limits the consequences, and those alone, as the penalty, and that alone, which shall result from a failure to comply with those conditions. The maxim, "*Expressio unius, exclusio alterius,*" is eminently applicable to and decisive of this question. Foreign corporations are therefore, in our opinion, not prohibited from doing business in this territory by failure to comply with the requirements of section 46 of the general incorporation law.

The second question raised by the appellant is in relation to the right of a foreign corporation in this territory to plead the statute of limitations. It is urged by the appellant that the respondent, being a foreign corporation, is therefore a non-resident and within the meaning of the phrase: "person when he is out of the territory," contained in section 50 of the Code of Civil Procedure.

This section, however, must be interpreted in accordance with the intention of the legislature and in view of the reason for its enactment. The plain intention of the legislature is to preserve the right of action against a non-resident for the same period that the same right might be preserved against one within the jurisdiction of the courts of the territory. The principal reason for its enactment is that a personal judgment cannot be had against a non-resident of the territory, as he is without the jurisdiction of its judicial tribunals.

It will be seen from what has been held in a foregoing part of this opinion that a foreign corporation which has failed to file its charter or certificate of incorporation, or a copy thereof, as required by section 46 of the general incorporation act, is not thereby prohibited from doing business in this territory. It also appears from the record in this case that "prior to," and "ever since," the 28th of July, 1867, the respondent had continuously carried on the business for the express purpose for which it was incorporated in the county of Lewis and Clarke, which was done publicly in its corporate name; that during said period it had an office in said county where the above business was transacted; and also "a duly authorized and accredited business, managing agent and superintendent residing therein, upon whom process, issued from any court of this territory against the defendant, could have been served." Also that the respondent "has owned and been possessed of large amounts of real estate and personal property within this territory." It was held by Chief Justice Waite in *Ex parte Shellenberger*, 96 U. S. 377, that a foreign corporation "may, by its agents, transact business anywhere, unless prohibited by its charter or excluded by local laws. Under such circumstances, it seems clear that it may, for the purposes of securing business, consent to be 'found' away from home for the purposes of suit as to matters growing out of its transactions."

In the case of *R. R. Co.* v. *Harris*, 12 Wall. 65, Mr. Justice Swayne uses this language : " If a corporation do business in a foreign territory, it will be presumed to have consented to be sued there."

The transcript in this case does not disclose how service was had upon the respondent, as it does not contain a copy of either the summons or return thereof, or any other method of service. But as the facts above stated in relation to its having an agent upon whom process might have been served, do appear in the record, it will be presumed that service of the summons was had upon such agent. We have therefore, in this case, a foreign corporation (the respondent) within the jurisdiction of the district court, and during the period above stated, doing the business for which it was incorporated, openly and publicly, and for this purpose having an office within such jurisdiction, and an agent and superintendent residing therein, and also owning and being possessed of real and personal property within the territory. Applying, then, to this respondent, under such circumstances, the language of Chief Justice Waite and Justice Swayne as above quoted, when its agent, residing within the jurisdiction of the court, was properly served with process, we must conclude that a judgment rendered against it would be a personal judgment, within the meaning of a personal judgment as against a corporation.

But even if the presumption would not be that respondent's agent was properly served with process as above stated, nevertheless, when it appears by counsel throughout the entire proceeding, as appears by the record, and made no objection to the manner of service, which must be the presumption where no objection appears, we are of the opinion that a judgment rendered against it, under such circumstances, would be a personal judgment. Therefore, a foreign corporation doing business under the circumstances shown by the record, would be within the intent and meaning of section 50 of the Code of Civil Procedure.

Again, section 50 of our Code of Civil Procedure is identical with that of California, in relation to the same subject matter. The supreme court of that state, in the case of *Lawrence* v. *Ballou*, 50 Cal. 258, says in relation to the rights of a foreign corporation, under said section: "that when a foreign corporation has a managing agent in this state, exercising openly his authority as such and without fraudulent concealment, the corporation is within the intent of the statute of limitations, and the corporation may claim the benefit of the statute."

The transcript in this case discloses a state of circumstances comprehended within the language of this decision. We conclude, therefore; in relation to the second objection of appellant, that foreign corporations doing business in this territory, under the circumstances shown by the record in this case, may plead the statute of limitations.

Judgment affirmed with costs.