## TURCOTT v. RAILROAD.

*(Jackson.* May 11, 1898.)

1. FOREIGN CORPORATIONS. *Right to defense of statute of limitations.*

A foreign corporation is not "absent from," and does not "reside out of," the State, within the meaning of the statute suspending the running of statutes of limitations during nonresidence or absence from the State, where it has, for the period requisite for the running of the statute, continuously operated its business within the State, maintaining an office, with officers and agents subject, under our statutes, to service of process that binds the company. (*Post, pp. 103–109.*)

Code construed: § 4455 (S.); § 3458 (M. & V.); § 2762*b* (T. & S.).

Cases cited: Taylor v. McGill. 6 Lea, 294, 301; Telephone Co. v. Turner, 88 Tenn., 266; Young v. Iron Co., 85 Tenn., 189.

2. SAME. *Same.*

A foreign corporation that has, for the requisite period, continuously operated its business within the State, maintaining an office, with officers and agents subject, under our statute, to service of process that binds the corporation, is entitled to plead and rely upon the defense of the statute of limitations to the same extent as a domestic corporation, although it may have failed to comply with the requirements of Acts 1891, Ch. 122, as to registration of its charter and abstracts thereof. (*Post, pp. 110, 111.*)

Acts construed: Acts 1891, Ch. 122.

3. CORPORATION. *Is a person.*

A corporation is a person, within the purview of the statute that excludes absences from the State in computing the time for the running of statutes of limitations. (*Post, p. 105.*)

Code construed: §§ 62, 4455 (S.); §§ 48. 3458 (M. & V.); §§ 50, 2762*b*; (T. & S.).

Cases cited: Taylor v. McGill, 6 Lea, 294.

Turcott *v.* Railroad.

4. STATUTES. *Construction.*

A thing may be within the letter of a statute, yet not within its operation, if not so intended. (*Post, pp. 106.*)

Case cited: Taylor *v.* McGill, 6 Lea, 294.

---

FROM SHELBY.

---

Appeal from Circuit Court Shelby County. L. H. ESTES, J.

CARROLL, CHALMERS & McKELLAR for Turcott.

FENTRESS & COOPER for Railroad.

WILKES, J. This is an action for damages for personal injuries inflicted in the shops of the defendant company at Vicksburg, Miss. The action was brought at Memphis, Tenn., May 25, 1895, about one and one-half years after the injury was suffered. Demurrers were filed, and the declaration was amended. To the declaration, as amended, pleas of not guilty, contributory negligence, and the Tennessee statute of limitation of one year for injuries to persons were filed. The latter plea states in detail that the defendant company had been operating its road through the State of Mississippi into and in the State of Tennessee for fourteen years; that it had an office and agents in the city of Memphis, and on these agents service at any time could have

been had, and that at no time had there been any impediment or hindrance to the bringing of this, or any other suit against it, or to the service of legal process upon it.

To this plea there was a replication, in substance that the defendant is a foreign corporation, organized and existing under the laws of Mississippi, and that, at the time of the accrual of this cause of action, it had no corporate or legal existence in Tennessee, because it had not complied with the requirements of the Acts of 1891, Ch. 122, as to the filing and registration of its charter, and not having so complied until after the bringing of this suit, it cannot plead the statute of limitations of one year in bar of the suit. There was a demurrer to this replication, and the demurrer was sustained.

The exact questions presented are whether foreign corporations can plead and rely upon this Tennessee statute of limitation when they have offices and agents in the State subject to continuous service of process, and whether the failure to file and register its charter will deprive it of that right, if otherwise it would be held to have it.

Under the statutes of Tennessee (Shannon, § 4469), it is provided, among other things, that actions for injuries to the person must be commenced within one year after the cause of action accrues, or be barred.

Section 4455 (Shannon) provides: "If, at any time, any cause of action shall accrue against any person who shall be out of this State, the action

Turcott *v.* Railroad.

may be commenced within the time limited therefor, after such person shall have come into the State; and after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from, or reside out of the State, the time of his absence or residence out of the State shall not be taken as any part of the time limited for the commencement of the action.''

The word '' person '' includes a '' corporation.'' Shannon, § 62. The exception made in this statute does not apply to a natural person unless his absence from the State is such as to prevent service of process. *Taylor* v. *McGill*, 6 Lea, 294, 301.

The statutes relating to service of process upon corporations are as follows:

'' Service of process on the president, or other head of a corporation, or, in his absence, on the cashier, treasurer or secretary, or, in the absence of such officers, on any director of such corporation, shall be sufficient.'' Shannon, § 4539.

'' If neither the president, cashier, or secretary resides within the State, service on the chief agent of the corporation residing at the time in the county where the action is brought, shall be deemed sufficient.'' Shannon, § 4540.

No question is made but that there was ample opportunity to obtain service of process at any time on the defendant through its officers and agents, nor that foreign corporations are liable to service under these sections. *Telephone Co.* v. *Turner*, 4 Pickle, 266.

But the contention is, that a foreign corporation is out of the State, and resides out of the State, and so falls within the exception before stated, and that, while process may be made upon it, still it is optional with a party aggrieved whether and when he will commence his suit, and the bar of the statute cannot be set up if the suit is not brought within one year, and that it does not come within the State in legal contemplation, till it files and registers its charter. It appears that there is some conflict of decision upon the first question. The reason of the rule of law is, that no person who is not and has not been subject to service of process within the year, shall avail himself of its exemption. *Taylor* v. *McGill*, 6 Lea, 294. Unquestionably the residence of a corporation is the State of its creation. *Young* v. *South Tredegar Iron Co.*, 1 Pickle, 189. And if we should give the statute a strict, literal construction, it might be held that a foreign corporation was not entitled to the benefit of the limitation. Still the Courts will not permit the literalism of the statute to thwart its obvious purpose, intent, and meaning. A thing may be within the letter of the statute, yet not within its operation if not so intended. *Taylor* v. *McGill*, 6 Lea, 294.

We think the true rule is laid down in Murfree on Foreign Corporations, and that the rule as thus laid down is based on sound reason and principle. In speaking of such foreign corporation pleading the

Turcott *v.* Railroad.

statute of limitations, it is said (Sec. 248): "As to the question whether a foreign corporation, when sued, can plead the bar of the statute in defense, it may be said that the great weight of authority is in favor of the conclusion suggested above; that the true test of the running of the statute is the liability of the party invoking its bar, to the service of process during the whole of the period prescribed; that if the operations of the company within the jurisdiction were such as to render it liable to suit, then it may plead the statute. The principles upon which this doctrine rests have nowhere been more effectively expressed than in the decision of the Illinois Appellate Court, in *Pennsylvania Co.* v. *Sloan.* Said Pleasants, J., who delivered the opinion of the Court, after referring to a number of cases holding that a corporation must be considered an inhabitant of the State by which it is created: 'We should have no hesitation in approving these applications of the doctrine if there were no other element in the cases bearing on the question than the origin and nature of the corporation. For it is true that a positive law can never, of its own force, and ordinarily does not otherwise, operate beyond the territorial limits of the power by which it is enacted; and, hence, unless it is otherwise enabled, a corporation must indeed dwell in the place of its creation, and cannot migrate into another sovereignty. But the law of one State may have operation for certain purposes in another by the comity

or permission of the latter, and we see no insuper-
able difficulty in the way of such migration, pro-
vided the former does not positively forbid and the
latter does positively consent. It is conceded that
with such consent, they lawfully may, as they often
actually do, remove their officers, agents, offices and
effects into another sovereignty, and there exercise
their functions and franchises. In such a case, where
is the corporation? If it be said that it still dwells
in the place of it creation, and is acting elsewhere
only by agents, the answer is no more by agents
elsewhere than in the place of its creation. It can
do nothing anywhere, nor manifest its presence or
being at all, except through its agents, its property,
or its operation. Where these are, then, it seems
most accordant with substantial fact and reason to
say, there is the corporation. Where these are not,
we know of no means by which process can be
served upon it; and if there be none, that fact
would seem to be conclusive upon the question of
residence for the time being, at least for purposes
of judicial jurisdiction.' ''

In Montana it was held that the fact that a for-
eign company had subjected itself to a penalty by
failing to file its charter or act of incorporation as
required by the statute, though such failure did not
disqualify it from being sued, did not thereby lose
the right to plead the statute. See *King* v. *N. M.
& E. Co.*, 4 Am. & Eng. Corp. Cas., 14.

In support of the text, the author cites the fol-

lowing authorities: *Bank of U. S.* v. *McKenzie*, 2 Brook (U. S.), 393. Compare *Clark* v. *Bank of Miss.*, 10 Ark., 516 (52 Am. Dec., 248); *Holy Trinity Church* v. *U. S.*, 143 U. S., 457; *Huse* v. *Central R. R.*, 66 Ala., 472; *Lawrence* v. *Ballou*, 50 Cal., 258; *Express Co.* v. *Ware*, 20 Wall., 543; *Hall* v. *Vermont R. Co.*, 28 Vt., 401; *Penn. Co.* v. *Sloan*, 1 Ill. App., 364; *King* v. *Nat. M. & E. Co.*, 4 Mont., 1; 4 A. & E. Corp. Cases, 14; *Con. Mut. Life Ins. Co.* v. *Duerson*, 28 Gratt., 630; *Wall* v. *Chicago R. R. Co.*, 69 Iowa, 498; *McCabe* v. *Illinois Central Railroad Co.*, 4 McCrary, 492 (13 Fed. Rep.; 827). See, also, *Winney* v. *Sandwich Mfg. Co.* (Iowa), 50 N. W. Rep., 565; *Koons* v. *Chicago R. R. Co.*, 23 Iowa, 493. Compare *Abell* v. *Penn. Mut. Ins. Co.*, 18 W. Va., 400; *North Mo. R. R. Co.* v. *Akers*, 4 Kan., 453; *Waterman* v. *Sprague Mfg. Co.*, 55 Conn., 554; 13 Atl. Rep., 240; *N. Y. Cent. R. R.* v. *Estell*, 147 U. S., 608.

We are aware that New York, Nevada, Kansas, and possibly other States, do not follow this rule. It is said that such holding raises a discrimination against individuals and in favor of corporations. The argument is, that individuals cannot claim the exemption when they are out of the State or are nonresidents, and it would be inequitable to allow corporations out of the State or nonresidents to claim it. But this apparent difference arises out of the fact that individuals out of the State or residing out

of it, cannot be reached by process against a resident agent, while a corporation can; so that in the one case suit cannot be brought. and in the other it may. Absence from the State, and residence out of the State, in the sense of the statute, means such absence and such nonresidence as renders it impracticable at all times to obtain service of process, so that, while a corporation's technical legal residence may be where it was created, its residence and status, for purposes of suit, will be where it can, through its officers and agents, be reached with process. While a corporation may reside beyond the State, and be out of the State, still it may, through its officers and agents, subject itself to the jurisdiction of the Courts of the State. It may sue and be sued in a jurisdiction foreign to its technical residence.

Nor do we think the failure to comply with the Act of 1891, Chapter 122, will preclude this foreign corporation from setting up the statute.

It would not be a proper construction of that statute to hold that a corporation actually doing business in the State without complying with the statute, could not be sued for a tort committed, and, having been impleaded upon the ground of tort, it cannot be that the failure to comply with that statute must preclude it from making any defense, for it logically follows that if it cannot make this defense because of its failure, it can make no other.

The scope and purpose of that Act was to require corporations to file and register their charters,

Turcott v. Railroad.

in order that they might do business, own or acquire property, and be enabled to sue, but it was never intended to exempt them from suit if they disregarded the statute, nor to estop them from making defense if so sued, otherwise their property might be taken from them, and they estopped to defend. This company was in the State owning property and doing business before the Act was passed, and while this did not exempt it from a compliance with the Act, in order that it might have all the rights of a domestic corporation, at the same time it was not the purpose nor the proper construction of that Act, that its property should be taken from it, or its right to defend actions brought against it should be cut off by its failure to comply with it. Let the judgment be affirmed with costs.