[No. 64. First Appellate District.—October 10, 1905.]

## ANNIE BLACK, Administratrix, etc., Appellant, v. VERMONT MARBLE COMPANY, Respondent.

ACTION AGAINST FOREIGN CORPORATION—STATUTE OF LIMITATIONS—FAILURE TO DESIGNATE AGENT.—Under the act of 1872, and the act of 1899 amendatory thereof, a foreign corporation doing business in this state which fails to file with the secretary of state its designation of some person residing in the county of its principal place of business upon whom process shall be served cannot defend an action on the ground that it is barred by the statute of limitations.

ID.—PLEA OF STATUTE—ADMISSION OF PLEADINGS—BURDEN OF PROOF.—Where it was admitted by the pleadings that defendant is a foreign corporation, and it pleaded the statute of limitations, the plea being deemed controverted by section 462 of the Code of Civil Procedure, the burden is upon the defendant in order to avail itself of the defense to show that it had complied with the statute by filing the required designation with the secretary of state.

ID.—DESIGNATION PENDING SUIT—PROTECTION OF STATUTE—TIME OF RUNNING.—Where the foreign corporation designated an agent pending suit, such designation is only prospective from its date as to the protection of the statute of limitations, and it cannot avail itself of any defense as to the running of the statute prior thereto.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Kerrigan, Judge.

The facts are stated and referred to in the opinion of the court.

George C. Sargent, for Appellant.

F. William Reade, for Respondent.

HARRISON, P. J.—Action to recover from the defendant certain moneys received by it upon a sale by the sheriff of certain merchandise belonging to the defendant.

The facts connected with the transaction are given in the opinion in an action between the same parties reported at 137 Cal. 683, [70 Pac. 776], the difference between the two

actions being that the former was an action in claim and delivery for property purchased by the defendant at the sheriff's sale therein referred to, while this is for moneys received by the defendant from the sheriff upon the sale by him to other persons.  The defendant sets up in its answer as special defenses to the action the statute of limitations and the pendency of another action.  Upon this latter defense the court found that the action referred to was not for the same cause of action as that set forth in the complaint herein.  It found that the plaintiff's cause of action accrued more than three years prior to the commencement of the present action, and is barred by subdivision 1 of section 339 of the Code of Civil Procedure.  Judgment was thereupon rendered in favor of the defendant, from which and from an order denying a new trial the plaintiff has appealed.  The only question presented upon this appeal is whether the plaintiff's cause of action is barred by the statute of limitations.

The defendant is a foreign corporation, and the present action against it was commenced October 3, 1900.  The appellant contends that the statute of limitations is not available to the defendant as a defense herein for the reason that it did not at any time prior to May 2, 1901, file with the secretary of state any designation of a person upon whom process against it might be served, as is required under the act of April 1, 1872 (Stats. of 1872, p. 826), as amended by the act of March 17, 1899 (Stats. of 1899, p. 111).

The right of a state to prescribe the terms upon which a foreign corporation may carry on business within its territory is well established (*Cooper Mfg. Co.* v. *Ferguson,* 113 U. S. 727, [5 Sup. Ct. 739].)  "Having no absolute right of recognition in other states, but dependent for such recognition and enforcement of its rights upon their assent, it follows as a matter of course that such assent may be granted upon such terms and conditions as those states may think proper to impose.  They may exclude the foreign corporation entirely; they may restrict its business to particular localities, or they may exact such security for the performance of its contracts with their citizens as in their judgment may best promote the public interest.  The whole matter rests in their discretion."  (*Paul* v. *Virginia,* 8 Wall. 168.)  In *Hooper* v. *California,* 155 U. S. 648, [15 Sup. Ct. 207], the

same court said: "The state of California has the power to exclude foreign insurance companies altogether from her territory, whether they were formed for the purpose of doing a fire or marine business. She has the power, if she allows any such companies to enter her confines, to determine the conditions on which the entry shall be made. . . . The power to exclude embraces the power to regulate; to enact and enforce all legislation in regard to things done within the territory of the state, which may be directly or incidentally requisite in order to render the enforcement of the conceded power efficacious to the fullest extent, subject always of course to the paramount authority of the constitution of the United States." (See, also, *Doyle* v. *Continental Ins. Co.,* 94 U. S. 535.)

By the aforesaid act of April 1, 1872, the state of California has declared that every foreign corporation shall "within sixty days from the time of commencing to do business in the state designate some person residing in the county in which the principal place of business is, upon whom process may be served, and file such designation in the office of the secretary of state," and in the second section of the act has prescribed, as a penalty for failing to make and file such designation, that it "shall be denied the benefit of the laws of this state limiting the time for the commencement of civil actions." The statute of limitations is purely a matter of legislative creation. In the absence of any statute upon the subject lapse of time would not constitute a defense to the right to enforce an obligation. The legislature has prescribed different periods of time within which different species of obligations may be enforced, and to some obligations it has declared that there shall be no limitation of time for their enforcement through its courts. (Code Civ. Proc., sec. 348.) It would have been competent for the legislature to declare that there should be no limitation of time against the enforcement of any obligation of a foreign corporation; and its declaration that upon its failure to file the above designation with the secretary of state it shall be denied the benefit of the statute of limitations was only an exercise of this admitted power.

We have not been cited to any authority in which a statute like the one under consideration contained prohibitory pro-

visions like the foregoing. *Lawrence* v. *Ballou*, 50 Cal. 258, relied upon by the defendant, was decided before the enactment of the above statute; and what was there decided was that a foreign corporation, having a managing agent exercising his authority as such in this state, is not "absent from the state" so as to prevent the running of the statute of limitations or deprive it of the benefit of the statute. This principle is all that was declared in *Turcott* v. *Yazoo etc. R. R. Co.*, 101 Tenn. 102, [70 Am. St. Rep. 661, 45 S. W. 1067], and *King* v. *National M. etc. Co.*, 4 Mont. 1. In *Harrigan* v. *Home Life Ins. Co.*, 128 Cal. 531, [58 Pac. 180, 61 Pac. 99], it was held that the statute was inapplicable to a foreign insurance corporation by reason of other statutes directly applicable to such corporations.

The foregoing provisions in the act of 1872 were not changed by he amendatory act of 1899—the amendments therein merely providing that the person to be designated by the corporation should reside in this state, and adding to the penalty for failure to make and file the declaration that the corporation "shall not maintain or defend any action or proceeding in any court of this state unless such corporation shall have complied with the provisions of section 1 of this act."

By this legislation the state of California does not purport to prohibit a foreign corporation from engaging in business before filing the designation therein named, or to affect the validity of any transaction it may enter into or any contract it may make. (*Fritts* v. *Palmer*, 132 U. S. 282, [9 Sup. Ct. 93].) Neither does the provision that it shall not "maintain" any action in the courts of the state deny it the right at any time to "commence" an action for the protection of its property or the enforcements of its rights (*Utley* v. *Clark-Gardner Lode Min. Co.*, 4 Colo. 369); and it is within its power at any time after the commencement of the action to comply with the statute and thereafter "maintain" such action. (*California S. and L. Soc.* v. *Harris*, 111 Cal. 133, [43 Pac. 525]; *Ward Land and Stock Co.* v. *Mapes*, 147 Cal. 747; *Carson-Rand Co.* v. *Stern,* 129 Mo. 381, [31 S. W. 772].) Whether the prohibition against defending an action in case of its non-compliance with the statute would authorize a judgment against the corporation as upon a default may be open

I Cal. App.—46

to dispute. It is not to be supposed that the legislature, by taking away the right to defend any action, intended that the corporation should be without the protection of the law, or that its property might be confiscated through the forms of law without any right to defend against the same. (See *Windsor* v. *McVeigh*, 93 U. S. 274.) The question, however, is not presented upon the present appeal. The corporation herein is not the plaintiff, and the action was not brought upon any contract or transaction made by it, but was brought to recover from it the damage sustained by reason of a tort committed by it within this state. Its right to defend the action was not questioned in the court below; and it did in fact interpose an answer to the complaint, traversing many of its allegations and setting up the foregoing special defenses, and at the trial appeared and contested the plaintiff's right of recovery. Under section 462 of the Code of Civil Procedure its special defense of the statute of limitations (sec. 339, subd. 1) was deemed controverted by the plaintiff, and by section 458 it then became incumbent upon the defendant to establish at the trial facts showing that the cause of action was so barred.

The averment in the complaint that the plaintiff's cause of action arose from the conversion by the defendant of certain merchandise made the above statute of limitations applicable; but by reason of the further averment therein, admitted by the answer, that the defendant was a foreign corporation, the above-mentioned act of 1899 took from the defendant the right to avail itself of this defense unless it should show that it had complied with that act by filing with the secretary of state the designation therein specified. The admission that for seven years prior to the commencement of the action it had maintained a branch office and place of business at a specified place in San Francisco, and had been there represented by its general managers, who were at all times in charge thereof, coupled with the facts shown at the trial and the admissions in the pleadings, sufficiently showed that it was "doing business" within the state.

To meet the above requirement the defendant introduced and read in evidence a document, certified by the secretary of state to be a correct copy of an original "certificate of the designation of agent" of the defendant on file in his office,

in which the defendant, after reciting that it is a foreign cor-
poration, "having a branch office and doing business" in San
Francisco, appoints and designates M. J. Hawley as a person
upon whom process may be served as its agent and repre-
sentative for that purpose. This instrument is not signed
by any officer of the defendant, nor is it authenticated by its
corporate seal; but it purports to have been made by M. J.
Hawley as attorney in fact of the defendant. It is without
date, and was filed in the office of the secretary of state May
2, 1901. It is executed by Hawley, is not itself in any way
authenticated, nor was there any evidence of any authority
from the defendant to Hawley to make such designation. It
is contended that for these reasons it fails to show that the
"corporation" ever designated Mr. Hawley as a person upon
whom process against it could be served. As, however, we are
of the opinion that for other reasons the judgment must be
reversed, it is not necessary to determine the validity of these
objections.

The defendant contends that by virtue of section 3 of the
aforesaid act the effect of filing the designation with the
secretary of state after the present action had been com-
menced was to create in its favor the same right to invoke
the statute of limitations against the plaintiff's action herein
as it would have had if such designation had been filed before
the action was commenced or its obligation to the plaintiff
was incurred. We are, however, unable to assent to this
proposition. Section 3 of the act declares that every foreign
corporation which shall comply with the provisions of section
1 shall be entitled to the benefit of the laws for the limitation
of civil actions. This section is by its terms prospective in
its operation, and under well-recognized rules of statutory
construction would entitle the defendant to only such benefit
as might accrue after filing the designation. The present
action was commenced in 1900. At that time, and until the
day before the trial thereof was had, by virtue of the above
declaration of the legislature, the defendant was not entitled
to the benefit of the statute of limitations; and the plaintiff
had, therefore, a right of recovery irrespective of the lapse
of time subsequent to the accrual of her right of action. A
statute of limitations enacted by the legislature after the com-
mencement of an action which would deprive plaintiff of his

right of recovery therein would be invalid, and the statute in question is not to be construed as having that effect or as giving to the defendant a defense which it did not have when the action was commenced. The legislature did not intend by this section that upon filing a designation after an action had been commenced the facts which in the previous section it had declared should not be available as a defense should constitute a defense. The cause of action existing in favor of the plaintiff when she filed her complaint was property of which she could not be deprived by the subsequent enactment of any statute, and a statute which should operate to give such effect to any subsequent act of the defendant would be equally invalid. The superior court, therefore, erred in holding that the plaintiff's cause of action was barred by the statute of limitations.

The judgment and order denying a new trial are reversed.

Cooper, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on December 8, 1905.