WALKER and MANNING, JJ., concurring, except as to the retroactive effect of the decision.
The facts are sufficiently stated in the opinion of the Court byAssociate Justice Brown.
The defendant is a foreign corporation owning property and doing business in this State prior to the act complained of and up to this time.
The alleged damage occurred in 1904, and this action was commenced 12 November, 1908. The defendant at all times maintained a process agent in the State, upon whom service could be had, and upon (657) whom service actually was had in the case now being considered. *Page 627 
The defendant pleaded the three years' statute of limitations. This Court held that the plea is not available to a nonresident corporation.
Some of the earlier utterances of this Court upon the subject would indicate that the plea is open to a nonresident corporation upon which service of process can be had within the State and against which a personal judgment may be rendered. Armfield v. Moore, 97 N.C. 34; Williams v. B. L. Assn., 131 N.C. 267. In this last case Mr. Justice Clark, speaking for the Court and quoting with approval Armfield v. Moore, says: "The plain intent of the statute is to put nonresidents on the same footing as residents, and not to protect them from an action unless they have been for two years exposed to service of summons."
Since those decisions it has been held by this Court that the plea is never available to a nonresident corporation, although it may have fully complied with our statutes (Revisal, sec. 1243), and appointed and maintained an agent here upon whom process can be at all times served.Green v. Insurance Co., 139 N.C. 309, and cases cited.
We are now of opinion that these last cases are not well decided and that the better doctrine, more consonant with reason and justice, is that expressed in the citation from Williams v. B. L. Assn.
The overwhelming weight of judicial precedent recognizes the doctrine as expounded by the Supreme Court of Iowa in Wall v. R. R., 69 Ia., 501: "The theory of the statute of limitations is that it operates to bar all actions except as against persons and corporations upon whom notice of the action cannot be served because of their nonresidence. If such notice be served and a personal judgment obtained which can be enforced in the mode provided by law against the property of such person or corporation, wherever found, then such person or corporation is not a nonresident as contemplated by the statute of limitations."
To the same effect the following cases, and particularly the strong cases of Huss v. R. R., 66 Ala. 472, and Sidway v. LandCo., 187 Mo., 673; Lawrence v. Ballou, 50 Cal. 258;Hubbard v. Mortgage Co., 14 Ill. App. 40; St. Paul v. R.R., 45 Minn. 387; R. R. v. Pool, 72 Miss. 487; MortgageCo. v. Thresher Co. (1905), 14 N.D. 147; Turcott v. R. R.,101 Tenn. 102; L. Ins. Co. v. Duerson, 28 Gratt., 630;Thompson v. Land Co., 24 S.W. 856; Express Co. v. Ware,87 U.S. 543; Taylor v. R. R., 123 Feb., 155; McCabe (658)v. Illinois Cent. R. R., 13 Fed., 827; Winney v. Mfg. Co.,86 Iowa 608; Abel v. Ins. Co., 18 W. Va. 400; Norris v.Steamship Co., 37 Fed., 426; Dry Goods Co. v. Cornell,4 Okla. 412.
After adverting to the few decisions to the contrary, the 13 Am. Eng. Ency., 904, says: "The majority of decisions maintain a rule *Page 628 
believed to be more consonant with justice. The rule, briefly stated, is that if under the laws of the domestic State the corporation has placed itself in such position that it may be served with process, it may avail itself of the statute of limitations when sued. Ability to obtain service of process is the test of the running of the statute of limitations."
To the same effect is 25 Cyc., 1238, which cites in support of the text, among a large number of cases, our own case of Williams v. B. L. Assn.,supra.
In Murfree on Foreign Corporations it is said: "As to the second question, whether a foreign company, when sued can plead the bar of the statute in defense, it may be said that the great weight of authority is in favor of the conclusion suggested above, that the true test of the running of the statute is the liability of the party invoking its bar to the service of process during the whole of the period prescribed; that if the operations of the company within the jurisdiction were such as to render it liable to suit, then it may plead the statute."
The soundness of this doctrine has nowhere been more forcibly stated than by Mr. Justice Pleasants in Penn. Co. v. Sloan, 1 Ill. App. 364, a most instructive and well-reasoned case.
The Tennessee Court in Turcott v. R. R., 101 Tenn. 102, holds on a statute exactly like ours that a corporation is a person, within the purview of the statute, excluding absences from the State in computing the time for the running of the statute of limitations, and that a foreign corporation doing business in the State upon which service of process may be made may plead the statute of limitations.
The Constitution of Alabama contains a provision similar to our statute, requiring all foreign corporations doing business within the State to maintain an agent upon whom service of process may be made. That court held that such corporation could plead the statute of limitations.Huss v. R. R., 66 Ala. 475. In rendering the opinion Chief Justice Brickell says: "The true test of the running of the (659) statute of limitations is the liability of the party invoking its bar to the service of process during the whole of the period prescribed. If there is the continuous liability, the residence or domicile of the party is immaterial."
In Express Co. v. Ware, 87 U.S. 543, the Supreme Court of the United States held: "A statute of limitations as against a foreign corporation begins to run from the time such corporation has a person within the State upon whom process to commence a suit may be served."
The Court of Appeals of New York, it seems, at one time held to the contrary, but what is called the "New York rule" by Mr. Murfree has not been often followed. In speaking of it, the Supreme Court of the United States says, through Mr. Justice Bradley: "These decisions upon *Page 629 
the construction of the statute are binding upon us, Whatever we may thinkof their soundness on general principles." R. R. v. R. R., 87 U.S. 143. In the same case Mr. Justice Miller says: "The liability to suit where process can at all times be served, must in the nature of things be the test of the running of the statute. A different rule applied to an individual because he is a citizen or resident of another State is a violation at once of equal justice and of the rights conferred by the second section of the fourth article of the Federal Constitution, that the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States."
The latest decision of the Supreme Court of the United States holds that a foreign corporation owning property and doing business within a State and amenable to its process is a "person," and as such is protected by the equal protection clause of the United States Constitution. R. R. v. Greene,216 U.S. 400.
Statutes, like ours, requiring all foreign corporations doing business within the State to maintain an agent therein upon whom process may be served, have been enacted in a great majority of the States, and in nearly all of them, where the question has arisen, the right to plead the statutes of limitation of such State has been accorded. This is the more consonant with elementary principles of justice because a judgment obtained by such service in the courts of the State is entitled to the full faith and credit in another State as it is in the State where rendered. St. Clair v. Cox,106 U.S. 350; 13 Am. Eng. Ency., 895.
For these reasons, we think that our precedents to the contrary (660) should no longer be authoritative.
We are of opinion that the action is barred.
Error. Petition allowed.
Justices WALKER and MANNING concur fully in the above opinion, but think that the judgment should not be retroactive, upon the principle expressed in the concurring opinion of Justice Walker in S. v. Fulton, 149 N.C. 492;S. v. Bell, 136 N.C. 674.
Cited: Bennett v. Tel. Co., post, 671. *Page 630